## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

ANDREA J. MOSBY MEACHEM,

     Plaintiff,

v.                                                                Case No. 23-2099

REAVES LAW FIRM PLLC,
                                                            **<u>JURY DEMANDED</u>**
     Defendant.

### COMPLAINT

Comes now Plaintiff Andrea J. Mosby Meachem and brings this action against Defendant Reaves Law Firm PLLC for retaliating against her and terminating her employment in violation of Title VII, as codified at 42 U.S.C. § 2000e-3(a), the Equal Pay Act (as incorporated into the Fair Labor Standards Act), and the Fair Labor Standards Act.  In support, Plaintiff would state as follows:

### <u>I. JURISDICTION</u>

1.    This Court has jurisdiction to hear Plaintiff's federal claims under Title VII, the Equal Pay Act (as incorporated into the Fair Labor Standards Act, and the Fair Labor Standards Act pursuant to 28 U.S.C. § 1331.  Plaintiff has complied with all administrative prerequisites under Title VII in that she timely filed a charge of retaliation with the EEOC on July 18, 2022, and the EEOC issued a Right to Sue notice on January 19, 2023.  <u>See</u> Exhibits A and B attached hereto.

### <u>II. STATEMENT OF FACTS</u>

2.    Plaintiff Andrea J. Mosby Meachem is an adult citizen of the State of Tennessee, residing in Shelby County, Tennessee.

3.      Defendant Reaves Law Firm PLLC is a law firm founded by Henry Eugene Reaves and is headquartered and based in Memphis, Shelby County, Tennessee.

4.      By way of background, Plaintiff has been licensed to practice law in Tennessee since 1999.  Plaintiff worked for the City of Memphis as an employment and labor relations attorney from 2002 to 2005.  Plaintiff worked for MLGW as an attorney from 2005 to May 2022.

5.      Throughout her career, she gained substantial experience and knowledge in the following areas: employment law, labor relations, human resources, and workers' compensation, among other areas of law and business.

6.      In the spring of 2022, Plaintiff and Mr. Reaves had multiple conversations about Plaintiff joining the Reaves Law Firm.  At the time of the conversations, Plaintiff was still employed by MLGW an in-house attorney.

7.      Mr. Reaves expressed to Plaintiff that he needed someone with her skill set to help him build an HR infrastructure for his rapidly growing law firm, among other business interests.

8.      Plaintiff was interested in the opportunity but was concerned about leaving a job that she had held for over 18 years, and which provided a generous compensation and retirement package.

9.      Ultimately, Mr. Reaves persuaded Plaintiff to join the Reaves Law Firm, and Plaintiff resigned her employment at MLGW.

10.     Plaintiff began working for Defendant in early May of 2022.  Her official job title was Chief People Officer.

11.     One of the first matters, among many, that Plaintiff tackled was dealing with the recruitment of employees and employee compensation.

12.    Plaintiff quickly identified a number of pay disparity issues among attorneys employed by Defendant.  In particular, Plaintiff learned that an incoming male attorney candidate with less experience was to be paid significantly more money than a current/existing female attorney with more experience.

13.    Plaintiff immediately voiced her concerns about this pay issue to Mr. Reaves.  She made the strong recommendation that they be paid the same, so as to not violate any equal pay laws at the federal and/or state level.

14.    Mr. Reaves initially defended his decision to pay the male attorney more money by stating he had more experience than the female attorney, which was not true, and because he was having to relocate to Memphis, which happened to be the same for the female attorney.

15.    Plaintiff did not back down from her recommendation, however, and Mr. Reaves became angry at Plaintiff and called her "disloyal."

16.    During the same conversation, Plaintiff also voiced her concerns to Mr. Reaves regarding compliance with the Fair Labor Standards Act and potential wage and hour overtime issues that exposed both Defendant and Mr. Reaves, individually, to liability and monetary damages.

17.    Finally, Plaintiff voiced concerns regarding employee safety to Mr. Reaves.

18.    After reporting the above matters to Mr. Reaves, Plaintiff was initially demoted by Defendant and then terminated by Defendant on or about June 2, 2022.

19.    Defendant stated in an email that Plaintiff was being terminated for insubordination for an alleged failure to timely respond to an email, which was not true and serves as a pretext for retaliation against Plaintiff for her protected activity as described above.

20.    Moreover, male employees in similar positions to Plaintiff were held to more lenient standards and were not demoted or terminated when they have not been immediately responsive to Defendant's email requests.

21.    In terminating Plaintiff in the above fashion, Defendant failed to follow its own progressive disciplinary policy, which is an indication that Defendant retaliated against Plaintiff in violation of federal law.

22.    Furthermore, after Plaintiff filed a charge of retaliation with the EEOC, Defendant asserted new additional false and pretextual reasons for Plaintiff's termination.  Although Plaintiff was never disciplined or counseled or even aware of any other employment issues, Defendant now falsely claims that Plaintiff made inappropriate comments and remarks in the workplace and engaged in other acts of misconduct in the workplace.  This is further evidence of pretext on the part of Defendant.

## III. CAUSES OF ACTION

23.    Plaintiff incorporates the paragraphs above as if specifically set forth herein, and for her causes of action asserts:

### Count 1: Retaliation Under the Title VII

24.    Retaliation is unlawful under Title VII.  Here, as set forth above, Defendant has unlawfully retaliated against Plaintiff for engaging in protected activity and asserting her federally protected rights under Title VII.

4

## Count 2: Retaliation Under the FLSA/EPA

25.    Retaliation is unlawful under the FLSA/EPA.  Here, as set forth above, Defendant has unlawfully retaliated against Plaintiff for engaging in protected activity and asserting her federally protected rights under the FLSA/EPA.

## Count 3: Retaliation Under the FLSA

26.    Retaliation is unlawful under the FLSA.  Here, as set forth above, Defendant has unlawfully retaliated against Plaintiff for engaging in protected activity and asserting her federally protected rights under the FLSA.

## IV. DAMAGES

27.    As a direct result of Defendant's unlawful actions, Plaintiff has suffered non-economic harm in the form of emotional distress, humiliation, and embarrassment.  Additionally, as a direct result of Defendant's unlawful actions, Plaintiff has suffered economic harm in the form of lost wages and benefits.

28.    Further, the unlawful actions of Defendant complained of above were intentional, malicious, and made with reckless disregard for the federally protected rights of Plaintiff.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff prays that the Court cause service to be issued upon Defendant. Plaintiff further demands a jury to hear this cause, and upon a hearing thereon, prays that the Court:

A.    Award Plaintiff back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

B.    Award Plaintiff compensatory damages against Defendant in an amount to be determined by the jury;

C.      Award Plaintiff punitive damages against Defendant in an amount to be determined by the jury;

D.      Award Plaintiff all costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorneys' fees allowed under actions brought pursuant to Title VII; and,

E.      Such further relief as is deemed just and proper.


Respectfully submitted,


/s/ William B. Ryan
William B. Ryan - TN Bar #020269
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901/278-1004
Fax: 901/278-3111
Email: billy@donatilaw.com
          janelle@donatilaw.com

6