IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

| | |
|---|---|
| **ANDREA JAYE MOSBY** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:23-cv-02099 |
| ) | **JURY DEMANDED** |
| **REAVES LAW FIRM PLLC,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Reaves Law Firm, PLLC (hereinafter "Defendant"), by and through undersigned counsel, and in addition to Defendant's Partial Motion to Dismiss ("Partial Motion to Dismiss") filed contemporaneously herewith, submits the following Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff Andrea Jaye Mosby ("Plaintiff"):

**I.    JURISDICTION**

1. Subject to the arguments asserted in Defendant's Partial Motion to Dismiss filed contemporaneously herewith, Defendant admits that this Court has subject matter jurisdiction over Plaintiff's claims. Defendant admits that Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC"), but to the extent any allegation in Paragraph 1 purports to entitle Plaintiff to any relief whatsoever, Defendant denies it. Whether the Charge was timely filed, however, is a statement of law, a legal conclusion, or both, to which no response is required.

**II.    STATEMENT OF FACTS**

2. Defendant is without sufficient knowledge or information to either admit or deny

1

the allegations in Paragraph 2 of the Amended Complaint and therefore denies them.

  3.  Admitted.

  4.  Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 4 of the Amended Complaint and therefore denies them.

  5.  Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 5 of the Amended Complaint and therefore denies them.

  6.  Defendant admits only that Henry Reaves and Plaintiff discussed the possibility of Plaintiff joining the Reaves Law Firm. Defendant admits, upon information and belief, that Plaintiff was employed with MLGW at the time she had these conversations with Henry Reaves.

  7.  Denied as stated.

  8.  Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 8 of the Amended Complaint and therefore denies them.

  9.  Denied as stated.

  10.  Admitted.

  11.  Defendant admits only that Plaintiff worked on matters involving employee compensation and recruitment. All other allegations in Paragraph 11 of the Amended Complaint are denied.

  12.  Denied.

  13.  Denied.

  14.  Denied.

  15.  Denied.

  16.  Denied.

  17.  Defendant admits that, as a part of her job as Chief People Officer, it was Plaintiff's

job to report employee safety issues to Mr. Reaves.

18. Defendant admits only that Plaintiff's employment was terminated on or about June 2, 2022. All other allegations in Paragraph 18 of the Amended Complaint are denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

### III.   CAUSES OF ACTION

23. Defendant incorporates by reference all of the foregoing paragraphs as if specifically pleaded herein.

### Count 1: Retaliation Under the Title VII

24. Defendant admits only that retaliation under Title VII is unlawful but denies that Defendant retaliated against Plaintiff whatsoever. Defendant denies the remaining allegations in Paragraph 24 of the Amended Complaint.

### Count 2: Retaliation Under the FLSA/EPA

25. Defendant admits only that retaliation under the FLSA/EPA is unlawful but denies that Defendant retaliated against Plaintiff whatsoever. Defendant denies the remaining allegations in Paragraph 25 of the Amended Complaint.

### Count 3: Retaliation Under the FLSA

26. Defendant admits only that retaliation under the FLSA is unlawful but denies that Defendant retaliated against Plaintiff whatsoever. Defendant denies the remaining allegations in Paragraph 26 of the Amended Complaint.

## IV. DAMAGES

27. Denied.

28. Denied.

29. Defendant denies each and every allegation contained in the Amended Complaint that is not specifically admitted or denied above.

## V. RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant, including but not limited to the relief requested in Paragraphs A-E under the "WHEREFORE" clause.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted; therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6), Rule 12(c), or both.

### SECOND AFFIRMATIVE DEFENSE

All employment actions taken with respect to Plaintiff were based on legitimate and non-retaliatory reasons.

### THIRD AFFIRMATIVE DEFENSE

All employment actions related to Plaintiff were taken in good faith and were based on a reasonable belief that the actions complied with all applicable employment laws.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant cannot be held liable for acts by any employee committed outside the course or scope of that employee's employment.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot show that "but for" any alleged protected activity, she would not have suffered an adverse employment action.

## SIXTH AFFIRMATIVE DEFENSE

Defendant avers that no causal connection exists between any alleged protected conduct or activity by Plaintiff and any purported adverse employment action taken with regard to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, prior to suffering any alleged adverse employment action, Plaintiff neither engaged nor participated in any legally protected activity under the Fair Labor Standards Act, Equal Pay Act, Title VII, or any other applicable state or federal employment law.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff's purported protected activity or any other impermissible factor played any role whatsoever with respect to any decision made concerning Plaintiff's employment status. Every action taken by Defendant with regard to Plaintiff's employment was taken for legitimate, non-discriminatory, non-retaliatory business reasons, unrelated to any alleged protected activity by Plaintiff. Alternatively, even if some impermissible motive were a factor in any of those decisions, which Defendant denies, the same decision(s) would have been reached for one or more legitimate, non-discriminatory, non-retaliatory business reasons.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate that any action taken by Defendant regarding her employment was pretext for unlawful retaliation.

## TENTH AFFIRMATIVE DEFENSE

At all times Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory, harassing, or retaliatory behavior and/or Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because alleged damages, if any, are the result of Plaintiff's own actions or inactions, such actions or inactions being the sole proximate cause of alleged damages or, in the alternative, a contributing cause of such alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant avers that there was no contract of employment between itself and Plaintiff, Plaintiff's employment was for no definite term, and thus terminable at-will.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to appropriately mitigate any alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages because any alleged acts or omissions of Defendant were undertaken or made in good faith, and Defendant had reasonable grounds for believing that its acts or omissions did not violate any applicable employment laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, res judicata, and/or unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant, at all times material herein, has made good faith efforts, through its adoption of anti-discrimination, anti-retaliation, and anti-harassment policies, and education of its personnel to comply with all employment discrimination and retaliation laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous, without foundation, vexatious, and/or brought in bad faith. As a result of defending Plaintiff's frivolous claims, Defendant states a claim for the recovery of its damages, reasonable attorneys' fees, and costs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims for alleged damages are barred, in whole or in part, by offset, payment, compensation, or benefits received through any subsequent employment.

## NINETEENTH AFFIRMATIVE DEFENSE

Any award of liquidated damages, exemplary/punitive damages, or penalties to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States.

## TWENTIETH AFFIRMATIVE DEFENSE

None of Defendant's alleged actions or inactions, if any, toward Plaintiff were committed with malice and/or reckless indifference to any of her protected rights.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The assessment of punitive damages against Defendant under the circumstances of this case would violate Defendant's rights under the United States Constitutions to due process and equal protection of the laws. In the event that any aspect of this case survives summary disposition and is presented to a jury for determination, Defendant moves to bifurcate any and all issues pertaining to punitive damages from the underlying issues in the case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

In the event Defendant discovers or otherwise learns of evidence to which the "after acquired evidence" doctrine applies, Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

## RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to amend this Answer and Affirmative and Other Defenses to assert any additional defenses, when and if, in the course of its investigation, discovery, or preparation for trial, such defenses become known or available or it becomes otherwise appropriate to assert such defenses.

## PRAYER FOR RELIEF

Defendant respectfully prays that this Court:

1. Enter an order dismissing with prejudice the Amended Complaint and all claims therein;

2. Award Defendant the costs and attorneys' fees incurred by it in connection with this action; and

3. Grant Defendant any such other, further, or proper relief to which it may be entitled.

Respectfully submitted, this, the 8th day of May, 2022.

                                      **BAKER, DONELSON, BEARMAN,**
                                      **CALDWELL & BERKOWITZ, PC**

                                      *s/ Mary Katherine Smith*
                                      Mary Katherine Smith (TN Bar # 35328)
                                      Dean J. Shauger (TN Bar # 39746)
                                      Baker, Donelson, Bearman, Caldwell, &
                                      Berkowitz, PC

>First Tennessee Building
>165 Madison Avenue, Suite 2000
>Memphis, Tennessee 38103
>Telephone: 901-577-8275
>Fax: 901-577-0821
>E-Mail: mkcampion@bakerdonelson.com
>      dshauger@bakerdonelson.com
>
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 8, 2022, a copy of foregoing was filed with the Court's ECF system. Notice of this filing will automatically be sent to all counsel of record, listed below:

William B. Ryan
Janelle C. Osowski
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
billy@donatilaw.com
janelle@donatilaw.com

>*s/ Mary Katherine Smith*