UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ANDREA JAYE MOSBY,

    Plaintiff,

v.   Case No. 2:23-cv-02099-SHM-tmp

REAVES LAW FIRM PLLC,

    Defendant.

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE*

---

Plaintiff Andrea Jaye Mosby responds to the following motions *in limine* filed by Defendant Reaves Law Firm PLLC to exclude evidence, exhibits, examination, testimony, and arguments on the following subjects:

1. Witnesses and evidence not disclosed by Plaintiff pursuant to Rule 26(a)(1)(A)(i);

2. Damages evidence not disclosed by Plaintiff pursuant to Rule 26(a)(1)(A)(i);

3. Evidence of communications not previously produced;

4. Evidence regarding Defendant's EEOC Position Statement and the EEOC's Notice of Right to Sue letter; and,

5. Evidence regarding front pay and liquidated damages.

For the reasons set forth below, Defendant's motions *in limine* should be denied.

**I.     FACTS – LAW – ARGUMENT**

a. **Witnesses and evidence not disclosed by Plaintiff pursuant to Rule 26(a)(1)(A)(i)**

The Court should deny Defendant's motion *in limine* seeking to exclude witnesses and evidence not disclosed by Plaintiff pursuant to Rule 26(a)(1)(A)(i) because Plaintiff's late disclosure did not prejudice Defendant in any way, shape, or form, and was ultimately harmless.

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The information or evidence does not need to be excluded if the late disclosure was "harmless or is substantially justified". Roberts v. Galen of Va., Inc., 325 F.3d 776, 782 (6th Cir. 2003).

The Rule 37 sanction is "mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport, 596 F.3d 357, 370 (6th Cir. 2010). In spite of this language, exclusion under Rule 37 "falls within the sound discretion of the trial court." Roberts, 325 F.3d at 782. "In determining whether nondisclosure is harmless, courts look at several factors, but the principal factor is whether the opponent will be prejudiced or surprised." Jacobs v. Alam, 2019 U.S. Dist. LEXIS 196226, at *4 (E.D. Mich. Nov. 13, 2019)(citing El Camino Res., Ltd., 2009 U.S. Dist. ELXIS 36704, at *2 (W.D. Mich. Apr. 30, 2009)). Importantly, "[t]he commentary to Rule 37(c)(1) 'strongly suggests that a harmless violation involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" Roberts, 325 F.3d at 783 (quoting Vaughn v. City of Lebanon, 18 Fed. Appx. 252, 264 (6th Cir. 2001).

2

Here, Plaintiff admits that Rule 26 initial disclosures were inadvertently not served on Defendant for no reason other than an administrative error, which was an honest mistake and not intended in any way to subvert the Federal Rules or prejudice Defendant. Notably, Defendant never moved to compel Plaintiff's initial disclosure statement. In any event, the witnesses Defendant seeks to exclude are: Plaintiff Andrea Jaye Mosby, Henry Reaves, Neva Reaves, Tina Adams, and Dwaun Hammond.[1]

Plaintiff, however, fully cooperated with Defendant's discovery attempts in this case, serving answers to Defendant's interrogatories and responses to Defendant's requests for admissions on June 28, 2024. Also, Plaintiff served amended answers to Defendant's interrogatories on August 22, 2024, and served responses to Defendant's requests for production on August 22, 2024. Further, Defendant deposed Plaintiff (in person, for multiple hours) on September 18, 2024. And Plaintiff filed Rule 26(a)(3) pretrial disclosures on April 4, 2025. (Doc. 40).

First, with respect to Plaintiff Andrea Jaye Mosby, it is obvious that she is a party to this action. So it is curious that Defendant would claim that Plaintiff's inadvertent failure to serve initial disclosures is not harmless in this instance, as it has had sufficient knowledge that Plaintiff is a witness from the filing of the Complaint in February 2023.

Likewise, Henry Reaves, founder and CEO of Defendant Reaves Law Firm PLLC, is named in the Amended Complaint. (Doc. 8 at ¶¶ 3, 6, 7, 9, 13-18). Mr. Reaves was also identified in Defendant's initial disclosures, Plaintiff's responses to Defendant's discovery requests, both Plaintiff and Defendant's pretrial disclosures (Docs. 40 and 41), and in Defendant's "will call"

---

[1] Although not listed in Defendant's motion *in limine*, Defendant has noted its objections to these witnesses in the parties' proposed Joint Pretrial Order submitted to the Court on Friday, April 18, 2025.

witnesses in the parties' proposed joint pretrial order. Additionally, Mr. Reaves was also deposed on September 19, 2024.

Further, Neva Reaves, Defendant's Chief Experience Officer, was identified in Defendant's initial disclosures, Plaintiff's responses to Defendant's discovery requests, both Plaintiff and Defendant's pretrial disclosures (Docs. 40 and 41), and in Defendant's "will call" witnesses in the parties' proposed joint pretrial order. Mrs. Reaves was also deposed on September 19, 2024.

Also, Tina Adams was identified in Defendant's initial disclosures, Plaintiff's responses to Defendant's discovery requests, both Plaintiff and Defendant's pretrial disclosures (Docs. 40 and 41), and in Defendant's "may call" witnesses in the parties' proposed joint pretrial order.

Finally, Dwaun Hammond was identified in Defendant's initial disclosures, Plaintiff's responses to Defendant's discovery requests, and in the parties' proposed Joint Pretrial Order.

In short, all of these witnesses have been known by Defendant from the inception of the case, or during discovery. Therefore, Defendant will not be prejudiced or harmed in any manner if these witnesses testify at trial. As a result, Defendant's motion to exclude witnesses should be denied.

Next, the documents Defendant has identified as "not disclosed by Plaintiff pursuant to Ruel 26(a)(1)(A)(i) were all produced during discovery, which concluded on October 2, 2024. Plaintiff produced all documents marked PLT1-51 on June 28, 2024, and produced PLT52-264 on August 22, 2024, prior to Plaintiff's deposition and prior to the discovery deadline. Defendant has also identified many of the exhibits to which it objects as potential trial exhibits in the parties' proposed joint pretrial order, including Defendant's company handbook and emails from Henry

4

Reaves.[2]  Because these documents were produced in discovery well in advance of trial, Plaintiff's failure to identify them in her initial disclosures is harmless and will not prejudice Defendant in any way.

Pursuant to Rule 26(e), supplemental disclosure is not required "if the additional or corrective information has…been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e)(1)(A).  Again, Henry Reaves and Neva Reaves were directly involved in Plaintiff's termination, and it cannot be credibly argued that Defendant had no knowledge of either Henry or Neva Reaves being a potential witness.  Likewise, both Dwaun Hammond and Tina Adams were known by Defendant and listed as witnesses in Defendant's initial disclosures. Defendant will not be ambushed, surprised, harmed or prejudiced in any way, shape or form if any of these individuals are called at trial.  And the documents Defendant seeks to exclude were all produced in discovery in advance of the discovery deadline and prior to Plaintiff's deposition. Significantly, Defendant has identified Henry Reaves, Neva Reaves, and Tina Adams as witnesses at trial and has identified a number of documents to which it objects as trial exhibits.  As a result, Defendant's motion seeking to exclude these witnesses and documents should be denied.

b. **Damages evidence not disclosed by Plaintiff pursuant to Rule 26(a)(1)(A)(i);**

Defendant also seeks to exclude damages evidence not disclosed by Plaintiff pursuant to Rule 26(a)(1)(A)(i).  Specifically, Defendant claims that "Plaintiff has not disclosed any damages calculation."  This is simply inaccurate.  All of the damages' calculations were produced in Plaintiff's Answers to Interrogatories served on June 28, 2024, including the exact weekly

---

[2] In the parties 'joint Pretrial Order, Defendant has also identified the following exhibits as trial exhibits: Reaves Law Firm Handbook, Email dated 5/31/22 from Henry Reaves, Plaintiff's resume, Plaintiff's Remarkable Tablet notes, Plaintiff's job search records, Plaintiff's W-2 and pay statements, and the termination email titled "New Direction."

5

calculation for back pay and front pay.  Additionally, Plaintiff produced pay records and a W-2 form, which include information used to calculate Plaintiff's back pay/front pay damages.  Plaintiff also indicated in her Answers to Interrogatories, served on June 28, 2024, that she was seeking "garden variety" emotional distress damages, for which there is not a precise calculation.  In other words, it is up to the jury what to award Plaintiff regarding her compensatory damages claim.

Like the Defendant's previous motion *in limine* to exclude evidence due to Plaintiff's nondisclosure under Rule 26(a)(1)(A)(i), the lack of initial disclosures with damages information is harmless.  Plaintiff submitted all damages information in discovery, and Plaintiff was deposed by Defendant during discovery.  Regarding her economic damages, Defendant was in possession of all relevant facts about the amount of Plaintiff's wages/benefits and wage loss.  See Hutson v. Fed. Express Corp., 2017 U.S. Dist. LEXIS 13592, at *13-15 (W.D. Tenn. Feb. 1, 2017)(denying defendant's motion *in limine* to exclude the precise amount of plaintiff's claim for damages when damages information was already known to defendant and defendant had a full opportunity to question plaintiff about her damages during her deposition).  Germane to the issue before the Court, "[t]he Sixth Circuit has held that the exclusion of damages evidence is an abuse of discretion when the defendant 'had all the information relevant to the computation of damages in its possession and 'had a full opportunity during [the plaintiff's] deposition to question [her] about damages.'"  Hutson, 2017 U.S. Dist. LEXIS 13592, at *14 (quoting Howe v. City of Akron, 801 F.3d 718, 748 (6th Cir. 2015)).  Accordingly, since Defendant gathered the information during discovery, it was not harmed or prejudiced and the exclusion of this evidence is not required.

c. **Evidence of communications not previously produced**

Plaintiff does not intend to introduce any evidence of written or electronic communications that have not been previously produced, unless used solely for impeachment as permitted by Fed.

6

R. Civ. P. 26(a)(1)(ii). By way of background, following Plaintiff's deposition, Plaintiff made her phone available to Defendant, who secured the assistance of a forensic IT specialist, to image/copy Plaintiff's phone. The specialist, for whatever reason, was unable to successfully image, or copy, Plaintiff's phone due solely to technical issues. But this was not Plaintiff's fault. Moreover, Henry Reaves testified he had all of his text messages with Plaintiff. So again, no harm, no foul.

    d. **<u>Evidence regarding Defendant's EEOC Position Statement and the EEOC's Notice of Right to Sue letter</u>**

Defendant also seeks to exclude the position statement it submitted to the EEOC and the EEOC's Notice of Right to Sue as irrelevant, misleading, and confusing to the jury. Defendant also seeks to exclude this evidence because it was not disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i). As an initial matter, Plaintiff has not identified the Notice of Right to Sue as a potential trial exhibit.

As previously stated above, all documents identified by Plaintiff as a trial exhibit were produced during the course of discovery, and Plaintiff's inadvertent nondisclosure pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) was harmless. Defendant's EEOC position statement was made an exhibit to Mr. Reaves' deposition, as he was questioned about the position statement at his deposition. So, Defendant cannot credibly claim prejudice in any way.

As to relevancy, Defendant's position statement is clearly relevant to Plaintiff's Title VII retaliation claim because it demonstrates that following Plaintiff's termination from Reaves Law Firm, Defendant "asserted new additional false and pretextual reasons for Plaintiff's termination." (Doc. 8, Amended Complaint, at § 22). Plaintiff has included this allegation and Defendant's shifting rationale for terminating Plaintiff as set forth in its position statement in the Amended Complaint. See <u>EEOC v. Proctor Fin., Inc.</u>, 644 F.Supp. 3d 400, 415 (E.D. Mich. 2022) (finding defendant's EEOC position statement admissible as relevant to defendant's animus and motive for

7

retaliation). "An employer's position statement in an EEOC proceeding may be admissible to the extent it constitutes an admission, or to show the employer has given inconsistent statements in justifying its challenged decision, which may tend to prove that its stated reasons are pretext." Buckley v. Dolgencorp, Inc., 2005 U.S. Dist. LEXIS 64427, at *5-6 (S.D. Ohio Dec. 22, 2005) (quoting Frazier v. Ind. Dep't of Labor, 2003 U.S. Dist, LEXIS 9073, at *16 (S.D. Ind. 2003)) (denying employer's motion in limine to exclude its position statement to the EEOC). Based on the foregoing, the Court should deny Defendant's motion and permit Plaintiff to admit Defendant's EEOC position statement, should she choose to do so.

e. **Evidence regarding front pay and liquidated damages.**

Defendant also seeks to exclude any evidence regarding front pay or liquidated damages because neither was explicitly plead in Plaintiff's Amended Complaint. Here, Plaintiff's Amended Complaint can be construed to include front pay and liquidated damages consistent with Fed. R. Civ. P. 8(a)(2) and 54(c).

Complaints in Title VII and FLSA/EPA cases, like other civil cases, are subjected to the liberal "notice" pleading standard that requires a complaint need only state a "short and plain statement of the claim." See Fed. R. Civ. P. 8(a)(2); Johnson v. Peake, 755 F.Supp.2d 888,891-892 (W.D. Tenn. 2010). Plaintiff has provided sufficient notice that she seeks to recover economic and non-economic damages, as well as equitable relief, including front pay, and liquidated damages. Moreover, Rule 54 provides that a prevailing party may obtain any relief to which it is entitled even if it has not demanded such relief in the pleadings. See Fed. R. Civ. P. 54(c). See Black v. Columbus Pub. Sch., U.S. Dist. LEXIS 68672, at *15-25, (S.D. Ohio Sep. 17, 2007) (denying defendant's motion in limine to exclude evidence of damages when the complaint failed to specify specific damages because plaintiff is entitled to whatever relief is appropriate as a matter

8

of law under Rule 54(c)).

In Title VII cases, "the goal of a damages award is to put the plaintiff as near as may be, in the situation [she] would have occupied if the wrong had not been committed" and are equitable in nature. Denhof v. City of Grand Rapids, 797 F.App'x 944, 947 (6th Cir. 2019). With regard to Plaintiff's FLSA/EPA claim, pursuant to 29 U.S.C. § 216(b):

> Any employer who violates the provisions of section 215(a)(3) or 218d of this title **shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3)** or 218d of this title, including without limitation employment, reinstatement, promotion, **and the payment of wages lost and an additional equal amount as liquidated damages**.

(emphasis added).

Construing the "notice pleading" requirements of the Federal Rules with the implied and statutory remedies available under both Title VII and FLSA/EPA in accordance with Rule 54(c), Plaintiff's request for "such further relief is as deemed just and proper" is sufficient to place Defendant on notice that Plaintiff is seeking front pay and liquidated damages. Thus, Defendant's motion to prevent Plaintiff from recovering these damages should be denied.

Respectfully submitted,

/s/ William B. Ryan
William B. Ryan - TN Bar #020269
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901/278-1004
Fax: 901/278-3111
Email: billy@donatilaw.com
       janelle@donatilaw.com

ATTORNEYS FOR PLAINTIFF

Dated: 4.24.25

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document has been served via the Court's ECF system on counsel for Defendant, Dean Shauger, Jonathan C. Hancock, and Mary Katherine Smith, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 165 Madison Ave., Ste. 2000, Memphis, TN 38103, on April 24, 2025.

/s/ William B. Ryan