IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANDREA JAYE MOSBY, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 2:23-cv-02099 |
| ) | |
| v. ) | |
| ) | |
| REAVES LAW FIRM PLLC, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE

"[M]y *only* interest was helping you navigate to *avoid any employment liability*." (Exhibit 1, p. 2) (emphasis added.) This is a quote from an e-mail that Plaintiff sent to Defendant's CEO Henry Reaves the day after her termination. It is also the e-mail that Plaintiff seeks to exclude from evidence with her Motion in Limine. (Motion, Doc. 44.) This e-mail is littered with admissions that explicitly contradict Plaintiff's assertions in this lawsuit, and as such, it is no surprise that Plaintiff seeks to exclude it from evidence. The Court should deny Plaintiff's Motion because the e-mail is extremely relevant to both Plaintiff's claims and Defendant's defenses in this matter, any prejudice suffered by Plaintiff from the admission of this e-mail is a product of her own making for which Defendant should not be prejudiced, and because Plaintiff has indicated that she intends to rely on this e-mail at trial.

  A.  **In the e-mail Plaintiff seeks to exclude, Plaintiff admits she was not acting in a matter adverse to Defendant – an essential element of her claim.**

As the Court is aware, Plaintiff brings this lawsuit for retaliation in violation of Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, and the Equal Pay Act. (Amended

Complaint, Doc. 8.) Because Plaintiff worked in human resources, in order to prevail on her FLSA and EPA retaliation claims, she must show that she stepped outside her role or otherwise made clear to Defendant that she was taking a position adverse to Defendant. (Order, Doc. 42, PageID 461.) Throughout this litigation, Plaintiff has stated that she was advocating on behalf of employees and taking a position adverse to Defendant when she allegedly complained about a pay disparity involving a female attorney and the FLSA classification of Mr. Reaves' assistant. (*See, e.g.*, Order, Doc. 42, PageID 455) ("Plaintiff's testimony is that she made these reports to Reaves at least in part on the employees' behalf, knowing it was adverse to the Firm's interest.") Indeed, as the Court explained when denying Defendant's Motion for Summary Judgment, "[i]f a reasonable jury credits Plaintiff's recollection of her conversation with Reaves, the jury could find that Plaintiff was asserting the FLSA rights of other employees in 'a position adverse to the employer.'" (*Id.*, PageID 472.)

However, the e-mail that Plaintiff seeks to exclude completely contradicts Plaintiff's theory. Plaintiff's assertion in her e-mail that her "only interest" was to help Defendant "avoid any employment liability" completely undercuts her ability to argue that she stepped outside her role as Chief People Officer and took a position adverse to Defendant as is required to establish her claim. For that reason, the e-mail is extremely relevant to both Plaintiff's claims and Defendant's defenses in this matter, and the jury should be able to consider it. Plaintiff's Motion should be denied.

    **B. In the e-mail Plaintiff seeks to exclude, Plaintiff explains the context in which Mr. Reaves called her "disloyal" – a fact Plaintiff has relied on to establish an essential element of her claims.**

Moreover, Plaintiff has repeatedly relied on the fact that Defendant's CEO, Henry Reaves, allegedly called her "disloyal" after she allegedly complained to him about a pay disparity

involving a female attorney and the FLSA classification of Mr. Reaves' assistant. (Order, Doc. 42, PageID 470.) In fact, the Court found this testimony to be the "most probative" when denying Defendant's Motion for Summary Judgment. (*Id.*) The Court explained that "[i]f the jury credits Plaintiff's testimony, portions of which are supported by other record evidence, it could reasonably find that Plaintiff engaged in protected activity although she was the Firm's CPO." (*Id.*, PageID 470.) However, the e-mail Plaintiff now seeks to exclude reveals that the actual context in which Mr. Reaves allegedly called Plaintiff "disloyal," and it was ***not*** after Plaintiff allegedly complained about a pay disparity involving a female attorney or the FLSA classification of Mr. Reaves' assistant. Instead, in a lengthy paragraph explaining her attempt to hire an unqualified individual at a salary of $90,000.00, Plaintiff explained:

> Secondly, your disagreement with my decision ***was not the problem***. We could have talked it through, we could have lowered her salary, we could have exercised other options, and ultimately I would have respected your decision. ***The problem was you equated my judgment in this matter to me being disloyal***.

(Exhibit 1, p. 2) (emphasis added.)

Plaintiff makes no other reference to Mr. Reaves calling Plaintiff disloyal in this e-mail. For that reason, the e-mail is extremely relevant to both Plaintiff's claims and Defendant's defenses in this matter, and the jury should be able to consider it. Plaintiff's Motion should be denied.

**C. In the e-mail Plaintiff seeks to exclude, Plaintiff explains the reasons she believes she was terminated – reasons that are distinct from the basis of her lawsuit.**

In order to meet her burden of establishing that Plaintiff engaged in a protected activity under Title VII, Plaintiff must allege that she had "a reasonable and good faith belief that the opposed practices were unlawful." *Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 645 (6th Cir. 2015). Here, Plaintiff is an employment lawyer, and she admits that she is well-versed in the applicable law. (Doc. 33-5, PageID 187, 142:18-19). Plaintiff testifies that "I have been a labor

3

and employment attorney for 27 years." (*Id*.). Despite her knowledge of the law, and both the length and the substance of the e-mail at issue, Plaintiff did not anywhere in the email allege that her termination was the result of her engaging in protected activity, nor did she even once mention the word retaliation. (*Id*., PageID 191, 161:16-19). Instead, Plaintiff explains why she believes she was terminated as follows:

> The real problem is that I was OVER qualified for RLF. You kept saying you wanted to build an HR infrastructure when in reality, you just wanted a 'figurehead' to make it LOOK like you care about your employees and HR best practices. It is evident that you were not ready to do the heavy work required. I was a threat to the people that have their claws in you; the people that make indefensible HR decisions at RLF; the people that have wrangled control over your firm and allowed YOU to make indefensible HR decisions; the people that pull your strings behind the scene; the people that whisper behind your back as employees jump ship; the people that REALLY benefit from RLF's harsh treatment of its employees and poor retention rate.

(Exhibit 1, p. 2.)

Although she does not allege her termination was the result of retaliation, Plaintiff does, however, reference her "over 20 years of experience" as a labor and employment attorney with respect to a different potential claim she may bring against Defendant:

> From a L/E attorney with over 20 years of experience, my last piece of advice is free because obviously NO ONE there knows anything about employment law; be careful speaking on my name as a former employer. We don't want you to step into a pile of slander as you further explain my 'lack of qualifications.' Case law supports that the following are examples of employer slander . . .

(Exhibit 1, p. 2.)

If Plaintiff, a labor and employment attorney with 27 years of experience had a reasonable and good faith believe that the opposed practices she engaged in were unlawful, why would she not bring it up when she was threatening to sue Defendant for slander? The jury should be able to consider that fact. For that reason, the e-mail is extremely relevant to both Plaintiff's claims and

4

Defendant's defenses in this matter, and the jury should be able to consider it. Plaintiff's Motion should be denied.

### D.  Any prejudice to Plaintiff is a product of Plaintiff's own making – Defendant should not be punished for that.

Finally, Plaintiff argues that even if the e-mail is "marginally relevant," it should be excluded because it is unfairly prejudicial. (Doc. 44, PageID 482.) While Defendant concedes the e-mail would be prejudicial to Plaintiff, that prejudice is a product of Plaintiff's own making. Defendant should not be penalized and stripped of the ability to adequately put on its defense because of choices that Plaintiff herself made – specifically the words she chose to use in her e-mail.

For the reasons set forth above, Plaintiff's Motion in Limine should be denied.

Respectfully submitted, this, the 24th day of April, 2025.

                Respectfully submitted,

                **BAKER, DONELSON, BEARMAN,**
                **CALDWELL & BERKOWITZ, PC**

                *s/ Dean J. Shauger*
                Jonathan C. Hancock (TN Bar # 18018)
                Mary Katherine Smith-Campion (TN Bar # 35328)
                Dean J. Shauger (TN Bar # 39746)
                Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC
                First Tennessee Building
                165 Madison Avenue, Suite 2000
                Memphis, Tennessee 38103
                Telephone: 901-577-8275
                Fax: 901-577-0821
                E-Mail: jhancock@bakerdonelson.com
                        mkcampion@bakerdonelson.com
                        dshauger@bakerdonelson.com

                *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on April 24, 2025, a copy of foregoing was filed via the Court's ECF system and notice was sent to all counsel of record, listed below:

William B. Ryan
Janelle C. Osowski
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
billy@donatilaw.com
janelle@donatilaw.com

                                                                                  *s/ Dean J. Shauger*