IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANDREA JAY MOSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 2:23-cv-02099-SHM-tmp |
| | ) |
| REAVES LAW FIRM, PLLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER ON MOTIONS IN LIMINE

Before the Court are the parties' motions in limine. Plaintiff Andrea Jay Mosby filed a motion in limine on April 21, 2025. (ECF No. 44.) Defendant Reaves Law Firm, PLLC ("the Firm") filed five motions in limine the same day. (ECF No. 45.) The parties filed responses to the motions on April 24, 2025. (ECF Nos. 46, 47.) The parties' motions are **GRANTED IN PART** and **DENIED IN PART** as explained below.

## I.    Background

This is a retaliation suit brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Equal Pay Act ("EPA"), 29 U.S.C. § 206, which amended the FLSA. (See ECF No. 8.) The Court explained the factual background in detail in its Order Denying Defendant's Motion for Summary Judgment. (See ECF No. 42 Part I.)

Plaintiff alleges that she was fired in retaliation for reporting what she reasonably believed to be violations of federal employment law. Specifically, she alleges a conversation in which she raised the issues of pay disparity between male and female attorneys and the FLSA classification of Henry Reaves' assistant. Plaintiff's testimony is that she raised the issues with Reaves at least in part on the employees' behalf, knowing that raising them was adverse to the Firm's interest. Defendant argues that Plaintiff was fired for legitimate, non-retaliatory reasons: poor performance and insubordination. Specifically, Defendant argues that Plaintiff failed to complete a required transition document on time and failed to report to her new assignment in the intake department. Plaintiff argues that Defendant's stated reasons are a pretext for retaliation.

## II.  Standard of Review

Based on its inherent authority to manage the course of trials before it, a court may exclude irrelevant, inadmissible, or prejudicial evidence through in limine rulings. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); Louzon v. Ford Motor Co., 718 F.3d 556, 561 (6th Cir. 2013). Unless that evidence is patently "inadmissible for any purpose," Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997), the "better practice" is to defer evidentiary rulings until trial, Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712

2

(6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," Gresh v. Waste Servs. of Am., Inc., 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling in limine, therefore, is "no more than a preliminary, or advisory, opinion." United States v. Yannott, 42 F.3d 999, 1007 (6th Cir. 1994) (citing United States v. Luce, 713 F.2d 1236, 1239 (6th Cir. 1983), aff'd, 469 U.S. 38 (1984)). The Court may revisit in limine rulings at any time and "for whatever reason it deems appropriate." Id. (citing Luce, 713 F.2d at 1239).

**III. Law**

Unless otherwise prohibited, evidence that is relevant is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action." Fed. R. Evid. 401.

If the probative value of evidence is "substantially outweighed by a danger of...unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," that evidence may be excluded. Fed. R. Evid. 403.

Generally, evidence "of a person's character or character trait" may not be admitted for the purpose of attempting "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1).

3

Statements made outside court and offered for the truth of the matter asserted are generally barred by the rule against hearsay. See Fed. R. Evid. 801. However, a statement made by an opposing party and offered against the opposing party is not hearsay when it:

> (A) was made by the party in an individual or representative capacity;
> (B) is one the party manifested that it adopted or believed to be true;
> (C) was made by a person whom the party authorized to make a statement on the subject;
> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2).

## IV. Analysis

### A. Plaintiff's Motion in Limine

Plaintiff has filed a motion in limine to exclude evidence and testimony about two emails Plaintiff sent after Neva Reaves' June 2, 2022 termination email. (See ECF No. 44.) Plaintiff responded to the termination email, which had the subject line "New Direction," with an email disputing the allegation that she was insubordinate, noting that she had never received the email in which Henry Reaves purports to give Plaintiff a deadline for the transition memo, and raising possible misconduct issues about other attorneys who were not fired. (See ECF No. 47-1.)

4

Henry Reaves responded to Plaintiff's first email at 1:12
A.M. on Friday June 3, 2022. (Id.) At 11:50 A.M. on Friday,
Plaintiff replied to Reaves' email, but changed the subject line
to "New Direction, or Same Old Bullshit?" (Id.) Defendant's
opposition to Plaintiff's motion focuses entirely on the content
of Plaintiff's second email.

Plaintiff argues that her post-termination emails have no
relevance to Plaintiff's claims or Defendant's defenses. (See ECF
No. 44.) This case turns on whether Plaintiff was retaliated
against for engaging in protected activity, and whether
Defendant's proffered non-retaliatory reasons——insubordination
for failing to timely complete the transition memo and report to
intake——were pretextual.

Even if relevant, Plaintiff argues that her emails should be
excluded because they are substantially more prejudicial than
probative, relying on Federal Rule of Evidence 403.

Portions of Plaintiff's second email are prejudicial.
Plaintiff appears to refer to Henry Reaves' parents as "crack
heads" and Reaves as a "crack baby." (Id.) Plaintiff also calls
the Firm's business practices "fucked up," talks about how she
previously praised Reaves in "EVERY fucking interview" in which
she participated, discusses how Reaves and Firm management needed
to "keep [Plaintiff's] name out of [their] motherfucking mouths,"

and says, "even as you fuck me over, I still advise you." (Id. at
1-3.)

Plaintiff argues that her second email should also be excluded
under Federal Rule of Evidence 404(a)(1) because she anticipates
it will be used improperly as character evidence. (See ECF No. 44
at 3.) Defendant has previously argued that the email is "fraught
with vile, disrespectful, and unprofessional language." (See ECF
No. 33-2 ¶ 36.) Although Plaintiff's second email was sent after
she had been terminated, Plaintiff anticipates that Defendant may
seek to introduce or discuss the email as evidence tending to show
that Plaintiff was unprofessional and "insubordinate" before her
termination. (See ECF No. 44 at 3.)

Defendant argues that it seeks to introduce the second email
for proper purposes. (See ECF No. 47.) Defendant specifically cites
three portions of the email.

### 1.    The "Only Interest" Statement

Defendant first cites this statement in Plaintiff's email:
"Ironic how you accuse me of plotting to set up a lawsuit against
you when my only interest was helping you navigate to avoid any
employment liability." (ECF No. 47-1 at 2.) Defendant argues that
this statement is relevant to an essential element of Plaintiff's
claims: that she engaged in protected activity adverse to the
Firm's interest. (See ECF No. 47.) Plaintiff's testimony has been
that her actions were motivated at least in part by the interests

6

of the employees, not only to protect the Firm. This prior
statement made by Plaintiff contradicts that position and is
directly relevant to the jury's protected activity inquiry, which
is an essential element of Plaintiff's claim. As such, the
statement has probative value.

###        2.   The "Disloyal" Statement

Defendant next cites this statement, in which, while
referring to one of the individuals she recruited to work in the
Firm's HR department, Plaintiff said:

> First of all, I did not decide on Deneice and her salary
> without input from others, but since I'm a team player,
> I'll fall on this sword alone. Secondly, your
> disagreement with my decision was not the problem. We
> could have talked it through, we could have lowered her
> salary, we could have exercised other options, and
> ultimately I would have respected your decision. The
> problem was you equated my judgment in this matter to me
> being disloyal. You and your wife attempted to embarrass
> me and question my qualifications because I disagreed
> with you. You and your wife wanted to humble me for my
> brazen attitude. You want blind loyalty without offering
> the same.

(Id.) Defendant argues that Plaintiff's statement in the email
that Reaves accused her of disloyalty in the context of Deneice's
hiring undercuts Plaintiff's subsequent testimony that Reaves
accused her of disloyalty in response to her raising the Title VII
and FLSA issues. (See ECF No. 47 at 2-3.) The parties' positions
are not mutually exclusive——Henry Reaves may well have accused
Plaintiff of disloyalty multiple times. The statement could,

7

however, reasonably be viewed by the jury as inconsistent with
Plaintiff's subsequent testimony, casting doubt on her allegation
that the pay disparity and wage classification issues were the
true reasons for her termination. This statement is relevant and
probative in the jury's pretext inquiry.

### 3. The "Real Problem" Statement

Plaintiff makes the following assertion about her
termination:

> No offense to Bill, but if the existing state of your HR
> Department, policies, practices, procedures, and
> staffing is your interpretation of an operational HR
> infrastructure led by a "qualified" individual, you are
> correct- I'm severely underqualified. The real problem
> is that I was OVER qualified for RLF. You kept saying
> you wanted to build an HR infrastructure when in reality,
> you just wanted a "figurehead" to make it LOOK like you
> care about your employees and HR best practices. It is
> evident that you were not ready to do the heavy work
> required. I was a threat to the people that have their
> claws in you; the people that make indefensible HR
> decisions at RLF; the people that have wrangled control
> over your firm and allowed YOU to make indefensible HR
> decisions; the people that pull your strings behind the
> scene; the people that whisper behind your back as
> employees jump ship; the people that REALLY benefit from
> RLF's harsh treatment of its employees and poor
> retention rate.

(Id. at 1-2.) Defendant argues that this passage explains the true
reason Plaintiff believed she was terminated, which contradicts
her current litigating position. Plaintiff did *not* write that her
termination was retaliation for protected Title VII, FLSA, or EPA
retaliation. Defendant also quotes the passage in which Plaintiff

refers to her "over 20 years of experience" as a labor and employment attorney to argue that Plaintiff's wealth of experience makes her omission of retaliation more probative. (<u>See</u> ECF No. 47 at 4.)

Plaintiff's omission is not fatal to her claim. Her immediate reaction to being fired need not include all reasons for her firing and does not preclude her from changing her mind about why she thinks she was fired. Plaintiff has clearly always thought that the Firm's stated reason for firing her was pretextual, but this statement may tend to show that her position on the Firm's true motivation has shifted over time. That inconsistency may be relevant to and probative in the jury's retaliation inquiry.

The three excerpted portions of the second email to which Defendant refers are relevant to and probative of issues relevant to essential elements of Plaintiff's claims. Despite the obvious danger of prejudice the email presents, the probative value of the portions of the email Defendant cites is not substantially outweighed by the danger of unfair prejudice. <u>See</u> Fed. R. Evid. 403.

Plaintiff's Motion in Limine (ECF No. 44.) is **GRANTED IN PART** and **DENIED IN PART**. To the extent Defendant seeks to use Plaintiff's second email to argue that Plaintiff had a character for "vile" or "unprofessional" conduct, that purpose is prohibited, and Plaintiff's motion is **GRANTED**. <u>See</u> Fed. R. Evid.

404. To the extent Defendant seeks to use Plaintiff's three prior statements to undermine her current testimony about her motivation in raising the pay disparity and wage classification issues, the context in which Reaves called her "disloyal" and said she was setting him up for a lawsuit, and the true reason for her termination, Plaintiff's motion is **DENIED**.

Defendant has previously argued in this litigation that Plaintiff's second email is "fraught with vile, disrespectful, and unprofessional language" and that Plaintiff "uses curse words throughout the entire email." (ECF No. 33-2 ¶ 36-37.) The Court has granted Plaintiff's motion to exclude those portions of the second email, which are unfairly prejudicial. If Defendant seeks to introduce the second email, those portions must be **REDACTED**. The Court will review the redacted email before it is submitted to the jury.

### B.  Defendant's Motions in Limine

In its motions in limine, Defendant asks the Court to exclude: (1) witnesses and evidence not disclosed by Plaintiff pursuant to Rule 26(a)(1)(A)(i); (2) damages evidence not disclosed by Plaintiff pursuant to Rule 26(a)(1)(A)(i); (3) evidence of communications not previously produced; (4) any evidence about Defendant's Position Statement submitted to the EEOC and the EEOC's Notice of Right to Sue; and (5) any evidence about front pay and liquidated damages. (ECF No. 45.)

### 1. Witnesses and Evidence Not Disclosed by Plaintiff Pursuant to Rule 26(a)(1)(A)(i)

Defendant seeks to exclude all of Plaintiff's witnesses and evidence because Plaintiff failed to make proper initial disclosures. (See ECF No. 45 at 1-5.) The Federal Rules of Civil Procedure provide that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Defendant cites caselaw explaining the mandatory nature of the preclusion sanction in Rule 37, unless the failure is harmless or justified. See, e.g., Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., 388 F.3d 976, 983 (6th Cir. 2004). Under Rule 37, a failure is harmless when it is "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." Sommer v. Davis, 317 F.3d 686, 692 (6th Cir. 2003) (quoting Vance v. United States, No. 98-5488, 1999 WL 455435, at *5 (6th Cir. June 25, 1999)).

Plaintiff admits that she failed to make the disclosures properly, but represents that her failure was inadvertent, "for no reason other than an administrative error, which was an honest mistake and not intended in any way to subvert the Federal Rules or prejudice Defendant." (ECF No. 46.)

11

The Court is persuaded that Plaintiff's honest mistake was harmless. The witnesses at issue are Andrea Jaye Mosby, Henry Reaves, Neva Reaves, Tina Adams, and Dwaun Hammond. (See id. at 3.)

Defendant's argument that it was harmed by Plaintiff's failure to disclose under Rule 26 that Plaintiff herself was "likely to have discoverable information" is not well taken. Defendant has been on notice of that likelihood since the Amended Complaint was filed on February 24, 2023. (See ECF Nos. 1, 8.) Defendant cannot reasonably argue that Plaintiff's failure deprived it of "sufficient knowledge." See Sommer, 317 F.3d at 692. Plaintiff fully participated in the balance of discovery, as explained in her response, including giving a multiple-hour in-person deposition on September 18, 2024. (See ECF No. 46 at 3.)

Henry Reaves, Defendant's founder and CEO, was named in the Amended Complaint, Defendant's initial disclosures, Plaintiff's responses to Discovery Requests, both parties' pretrial disclosures, the joint pretrial order, and was deposed in this case on September 19, 2024. (See ECF Nos. 8, 40, 41, 46 at 3-4.)

Neva Reaves, Defendant's "Chief Experience Officer" and Henry Reaves' wife, was identified in Defendant's initial disclosures, Plaintiff's responses to Defendant's discovery requests, the parties' pretrial disclosures, the joint pretrial order, and was

12

deposed in this case on September 19, 2024. (See ECF Nos. 40, 41, and 46 at 4.)

Tina Adams, Defendant's Senior Manager of Client Experience, was identified in Defendant's initial disclosures, Plaintiff's responses to Defendant's discovery requests, the parties' pretrial disclosures, and the joint pretrial order. (See ECF Nos. 40, 41, and 46 at 4.)

Dwaun Hammond, Defendant's CFO, was identified in Defendant's initial disclosures, Plaintiff's responses to Defendant's discovery requests, and the joint pretrial order. (See ECF No. 46 at 4.)

Some of Defendant's objections to the documentary evidence are not well taken.[1] Plaintiff represents that all documents at issue for trial were produced by August 22, 2024, more than eight months ago and before Plaintiff's deposition and the discovery deadline. (See id.)

Plaintiff was required to make the cited disclosures under Rule 26, but failed to do so. However, the Court finds without difficulty that Plaintiff's failures to disclose are harmless. These circumstances represent "an honest mistake on the part of a

---

[1] For example, Defendant objects to and asserts that it would be harmed by Plaintiff's failure to disclose potential exhibits, including Defendant's own "Reaves Law Firm Handbook" and emails from Defendant's own CEO. (See Joint Proposed Pretrial Order; ECF No. 46 at 4–5.)

party coupled with sufficient knowledge on the part of the other party." See Sommer, 317 F.3d at 692. Defendant's motion is **DENIED**.

### 2. Damages Evidence Not Disclosed by Plaintiff Pursuant to Rule 26(a)(1)(A)(i)

Defendant, incorporating the arguments from its first motion in limine, argues that Plaintiff's damages evidence should be excluded. (See ECF No. 45-1 at 5-7.) The Court's analysis is largely the same as above. Defendant contends that "Plaintiff has not disclosed any damages calculation." (Id. at 7.)

Plaintiff represents that Defendant was aware of specific damages calculations by June 28, 2024, when Plaintiff produced her Answers to Interrogatories, "including the exact weekly calculation for back pay and front pay." (ECF No. 46 at 5-6.) Plaintiff also produced pay records, a W-2, and a notification that any requested emotional distress damages would be "garden variety" of an amount entirely up to the jury. (Id. at 6.)

In addition to obtaining this information through discovery and deposing Plaintiff, Defendant had Plaintiff's wages and benefits information as her former employer. That fact weighs in Plaintiff's favor. See Howe v. City of Akron, 801 F.3d 718, 748 (6th Cir. 2015); Hutson v. Fed. Express Corp., No. 2:15-cv-02411, 2017 WL 437422, at *5 (W.D. Tenn. Feb. 1, 2017), aff'd, 724 F. App'x 459 (6th Cir. 2018). Defendant could have sought to compel this information under Rule 37(a)(3)(A), but did not do so. Given

14

these facts, Plaintiff's initial failure to disclose was harmless, and it would be inappropriate to exclude evidence of damages in this case. See Sommer, 317 F.3d at 692; Howe, 801 F.3d at 748; Hutson, 2017 WL 437422, at *5. Defendant's motion is **DENIED.**

> ### 3.    **Evidence of Communications Not Previously Produced**

Plaintiff represents that she does not intend to introduce any evidence covered by this motion in limine except for purposes of impeachment pursuant to Fed. R. Civ. P. 26(a)(1)(ii). (ECF No. 46 at 6.) Plaintiff also represents that she turned her phone over to Defendant's IT specialist and that Henry Reaves has testified that he has all of his text messages with Plaintiff. (Id. at 7.) Because Plaintiff does not intend to introduce any of this evidence, this motion is **DENIED AS MOOT.**

> ### 4.    **Any Evidence Regarding Defendant's Position Statement Submitted to the EEOC and the EEOC's Notice of Right to Sue**

Plaintiff includes Defendant's EEOC Position Statement as a potential exhibit. (ECF No. 46 at 7.) She does not intend to introduce the EEOC Notice of Right to Sue letter. (Id.) Plaintiff argues that the Position Statement is relevant to the issue of pretext because the Firm "asserted new additional false and pretextual reasons for Plaintiff's termination" only after Plaintiff had gone to the EEOC. (See id.; ECF No. 8 ¶ 22.)

Defendant objects to the admission of the Notice of Right to Sue Letter and Defendant's EEOC Position Statement under Rules

401–403 and 801. (ECF No. 45-1 at 9.) Defendant's Position
Statement, definitionally a statement made by Defendant or its
authorized agent, would not be hearsay when offered by Plaintiff,
the opposing party.[2] See Fed. R. Evid. 801(d)(2).

Defendant cites Gage v. Metro. Water Reclamation Dist. of
Greater Chicago, 365 F. Supp. 2d 919, 937 (N.D. Ill. 2005), to
support the proposition that "position statements submitted as
part of administrative proceedings are generally inadmissible as
substantive evidence during subsequent proceedings." (See id.) The
Gage court itself did not exclude the defendant's position
statement. Instead, it acknowledged that an employer's position
statement is relevant to the issue of pretext and admissible to
show that the employer has given inconsistent explanations to
justify its actions, citing Frazier v. Indiana Dep't of Lab., No.
IP 01-198-C-TK, 2003 WL 21254424, at *5 (S.D. Ind. Mar. 17, 2003).
See Gage, 365 F. Supp. 2d 919, 936–37. Ultimately, the Gage court
deferred ruling on the motion in limine to determine whether the
reasons given at trial were in fact inconsistent with those in the
defendant's EEOC position statement. See id. at 937.

Defendant also cites Targonski v. City of Oak Ridge, 921 F.
Supp. 2d 820, 825 (E.D. Tenn. 2013) and Williams v. Nashville

---

[2] The Court has not had the opportunity to review this document.
To the extent that there are double hearsay issues contained within the
statement, the Court will resolve those potential objections as they
arise in the context of trial.

_Network_, 132 F.3d 1123, 1129 (6th Cir 1997). The _Targonski_ motion in limine sought introduction of the plaintiff's EEOC charge, intake questionnaire, and letters to and from and EEOC investigator. _See_ 921 F. Supp. 2d at 824-25. Neither a defendant's opposition letter nor a notice of right to sue appears to have been at issue. _See_ _id._ The purposes for which the _Targonski_ plaintiff sought to introduce these documents did not include inconsistent explanations relevant to pretext. In fact, the court in _Targonski_ concluded that none of the purposes for which that plaintiff sought to admit the EEOC documents was relevant to any issue at trial. _See_ _id._

In _Williams_, the Sixth Circuit affirmed a district court's exclusion of an EEOC right to sue letter finding probable cause. _See_ 132 F.3d at 1128-29. Because Plaintiff does not intend to introduce such a letter, the Court need not determine its admissibility. The prejudice inherent in a right to sue letter, that a government agency found probable cause that a law had been violated, is not present here.

Plaintiff cites cases holding that a defendant's EEOC position statement is admissible "to show the employer has given inconsistent statements in justifying its challenged decision, which may tend to prove that its stated reasons are pretext." _See_ _Buckley v. Dolgencorp, Inc._, No. C2-CV-04-483, 2005 WL 8161919, at *2 (S.D. Ohio Dec. 22, 2005) (quoting _Frazier_, 2003 WL 21254424,

17

at *5). (See ECF No. 46 at 7–8.) The Buckley court also found that the defendant's position statement was admissible as an admission by a party-opponent pursuant to Fed. R. Evid. 801(d). See id.

Buckley is apposite here. The position statement is relevant to pretext to the extent that it evinces a shifting justification for Plaintiff's termination. As a statement produced by Defendant, it is an opposing party's statement and not hearsay. See Fed. R. Evid. 801(d)(2).

Defendant's motion to exclude its position statement is **DENIED.** Defendant's motion to exclude the EEOC Notice of Right to Sue is **DENIED AS MOOT** because Plaintiff does not intend to introduce it at trial. Although Plaintiff has not expressed an intent to do so, to the extent Defendant seeks to exclude any reference to or testimony about a finding of discrimination by the EEOC (See ECF No. 45-1 at 9, n. 1.), that motion is **GRANTED.**

### 5. Any Evidence Regarding Front Pay and Liquidated Damages

Defendant seeks to prevent Plaintiff from presenting any evidence about front pay or liquidated damages, arguing that she did not specifically plead them and should therefore be barred from presenting that evidence, citing Atlas Chem. Indus., Inc. v. Moraine Prods., 509 F.2d 1, 7 (6th Cir. 1974) ("It is elementary that proper pleadings are a prerequisite to recovery").

In _Atlas_, a patent case, the Sixth Circuit prevented the defendant from recovering costs and attorneys fees. Because the defendant had never filed a counterclaim, there was no claim on which the defendant could obtain affirmative relief. See _id._ Citing Moore's Federal Practice, the court explained that "the function of pleadings under the Federal Rules is to give fair notice of the claim asserted" and that the plaintiff was "deprived of notice as to the nature of the claim or the relief that might be due" because the defendant had never filed a counterclaim. See _id._

Here, the lack of notice is not analogous to _Atlas_. Although Plaintiff's Amended Complaint does not specify an amount of front pay or liquidated damages, Plaintiff provides notice that she seeks to recover economic and non-economic damages, and requests the following relief:

A.  Award Plaintiff back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

B.  Award Plaintiff compensatory damages against Defendant in an amount to be determined by the jury;

C.  Award Plaintiff punitive damages against Defendant in an amount to be determined by the jury;

D.  Award Plaintiff all costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorneys' fees allowed under actions brought pursuant to Title VII; and,

E.  Such further relief as is deemed just and proper.

(ECF No. 8 at 5-6.)

Plaintiff cites case law,[3] the damages provision of the FLSA,[4] and the Federal Rules of Civil Procedure[5] to support her argument that her Amended Complaint "can be construed to include front pay and liquidated damages consistent with" Rules 8(a)(2) and 54(c). (ECF No. 46 at 8.) Plaintiff's pleading is broad. Even as she specifically seeks back pay and lost benefits, she also notifies Defendant of her intent to seek "other pecuniary losses proximately caused by Defendant's unlawful conduct." (ECF No. 8 at 5-6.) She includes a prayer for "such further relief as is deemed just and proper." (Id.)

Given the language in the Amended Complaint, Defendant cannot fairly say it was not on notice of Plaintiff's intention to seek the broadest possible array of damages, including front pay and liquidated damages. Defendant was also aware of specific damages calculations by June 28, 2024, when Plaintiff produced her Answers to Interrogatories, "including the exact weekly calculation for back pay and front pay." (ECF No. 46 at 5-6.)

---

[3] See Black v. Columbus Pub. Sch., No. 2:96-CV-326, 2007 WL 2713873, at *6-10 (S.D. Ohio Sept. 17, 2007) (denying defendant's motion in limine to exclude damages evidence although complaint failed to allege specific damages).

[4] 29 U.S.C. § 216(b) provides that: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

[5] Aside from default judgments, "Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).

Because Defendant was sufficiently on notice of the damages Plaintiff seeks, Defendant's motion is **DENIED**. See <u>Atlas</u>, 509 F.2d at 7; Fed. R. Civ. P. 8(a).

## V. Conclusion

For the foregoing reasons, the parties' motions in limine are **GRANTED IN PART** and **DENIED IN PART** as explained above.

SO ORDERED this <u>28th</u> day of April, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE