# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

| | |
|---|---|
| **ANDREA JAYE MOSBY** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )     Case No. 2:23-cv-02099 |
| | ) |
| **REAVES LAW FIRM PLLC,** | ) |
| | ) |
|     **Defendant.** | ) |

## PRETRIAL ORDER

In accordance with the Court's Notice of Setting (Doc. 39), the Plaintiff Andrea Jay Mosby and Defendant Reaves Law Firm PLLC ("RLF") (and, collectively, the "Parties") submit this Proposed Pretrial Order.

**I. In the caption, a complete listing of all parties, both plaintiff and defendant, who remain in the case as of the date the joint pretrial document is filed.**

See above caption.

**II. Any remaining jurisdictional questions and the proper rulings thereon.**

None.

**III. A list of pending motions and the proper rulings thereon.**

    1.    Plaintiff intends to file motions in limine on or before the Court's April 21, 2025 deadline.

    2.    Defendant intends to file motions in limine on or before the Court's April 21, 2025 deadline.

**IV. A short summary of the case to be read to the venire at the beginning of voir dire.**

Plaintiff Andrea Jaye Mosby was hired by Defendant Reaves Law Firm in May 2022. Plaintiff was hired to serve as the firm's Chief People Officer. Plaintiff's employment was terminated on June 2, 2022. Plaintiff's lawsuit alleges that Defendant terminated her in violation of federal law because she made protected complaints to Defendant about an alleged pay disparity between a male and female attorney and that the firm was not paying an assistant in compliance with federal overtime law.

Defendant denies Plaintiff's allegations. Defendant maintains that Plaintiff's employment was terminated only because of her failure to submit a transition document, her failure to report to the intake unit as instructed, and her failure to perform other job duties and tasks assigned to her, and not on any other basis, including the retaliatory reasons that Plaintiff alleges; Plaintiff disputes these alleged reasons.

**V. The respective contentions of the parties, including contentions with regard to the nature and amount of damages and with respect to liability.**

Plaintiff:

Ms. Mosby started working at Reaves Law Firm as its Chief People Officer ("CPO") in May 2022. Prior to working at the firm, she worked at MLGW for 18 years performing labor and employment in-house counsel work and then worked as the Labor Engagement, Diversity, and Inclusion Manager with the HR department. Prior to that, she also worked for the City of Memphis as an EEO/labor relations attorney in the human resources division.

Henry Reaves, CEO of Reaves Law Firm, interviewed Ms. Mosby and quickly offered her the position of CPO at a salary of $185,000. Ms. Mosby understood that she would be helping to change the image of the firm, make it a better place to work, assist with recruitment and retention, and other HR responsibilities, with an emphasis on culture. This all seemed to fit Ms. Mosby's

skill set and so she decided to leave her 18-year career with MLGW to go work for Mr. Reaves and Reaves Law Firm.

Soon after she started working for Reaves Law Firms CPO, Ms. Mosby participated in a panel hiring interview of a young male attorney with Sheena Payne and Mark Shirmer. This male candidate was highly sought after by Mr. Reaves, who was impressed by his resume. After the panel interviewed the candidate, they brought the candidate in to meet with Mr. Reaves. Ms. Mosby asked the candidate typical questions about how much time he would need before starting and salary expectations. Mr. Reaves then interjected and offered the male candidate a position as an attorney with a starting salary of $85,000. Ms. Mosby then learned that a female attorney in the same role was paid $65,000.

Ms. Mosby asked Mr. Reaves why he offered the male candidate this salary when a comparable female attorney was being paid less. Upon hearing this information, Mr. Reaves challenged Ms. Mosby's complaint, explaining that the male attorney had more experience and that he was relocating to Memphis. Ms. Mosby explained that these assertions were false. Mr. Reaves became angry and called Ms. Mosby "disloyal."

Thereafter, Ms. Mosby then began advocating for PaQuita Redmond, Mr. Reaves' executive assistant, to be properly compensated, explaining that she was not properly classified under the FLSA. Mr. Reaves again told Ms. Mosby in response to her advocacy that she was "disloyal" and accused her of setting him up for a lawsuit and stated that she didn't have his best interest at heart.

Then, shortly afterward, Mr. Reaves informed Ms. Mosby that she obviously did not understand how the law firm operates and that she was immediately and humiliatingly demoted from an executive position to an intake specialist position. Mr. Reaves explained that the process

would take three or four months and that she would have to work for one month in each department of the firm. He informed employees not to talk to Ms. Mosby about anything related to HR and that she was now an intake clerk.

Based on timing and Mr. Reaves' hostility to her advocacy, Ms. Mosby felt that the demotion was payback for raising the pay discrepancy between the male and female attorney and FLSA compensation issues related to Ms. Redmond.

On June 2, 2022, Neva Reaves, the wife of Henry Reaves and Chief Experience Officer at Reaves Law Firm, sent Ms. Mosby an email abruptly terminating her employment after only a month at the firm. This termination was illegal under federal law, as it was in retaliation for her protected activity.

Regarding her economic damages, Plaintiff has lost $258,269.27 in back pay as a result of Defendant's actions. Despite applying for over 100 jobs, it took Plaintiff over a year to find comparable employment, and she was forced to move to Atlanta, GA. Plaintiff continues to lose $192.31 in pay per week. She also seeks liquidated damages, compensatory damages and punitive damages in an amount to be determined by the jury.

Defendant:

Defendant contends that it terminated Plaintiff's employment as Chief People Officer because Plaintiff refused to comply with simple, reasonable directives. Defendant is entitled to judgment on Plaintiff's Title VII retaliation claim because Plaintiff cannot establish that she engaged in the required protected activity, and even if she could, Defendant had a legitimate, non-discriminatory and non-pretextual reason for terminating Plaintiff's employment that severs even the possibility of a causal connection: Plaintiff's insubordination and her failure or refusal to perform the job duties assigned to her. Similarly, Defendant is entitled to judgment on Plaintiff's

FLSA and EPA retaliation claims because Plaintiff fulfilling her job duties as Chief People Officer is not a protected activity, yet without relying on those job duties, Plaintiff has no actionable claim. Even if Plaintiff did engage in a protected activity, which she did not, Defendant had multiple legitimate, non-discriminatory and non-pretextual reason for terminating her employment.

Defendant contends that Plaintiff will not be able to prevail on any claim and is, therefore, not entitled to recover damages of any kind in any amount.

**VI. A comprehensive written statement of uncontested facts that may be stipulated and read to the jury (possible sources of these agreed facts are the pleadings, discovery, or admission of counsel).**

1. Defendant Reaves Law Firm is a Memphis, TN-based personal injury law firm dedicated to helping innocent accident victims fight for their rights as they cope with serious injuries.

2. Plaintiff was hired as Defendant's Chief People Officer ("CPO") in May 2022.

3. Prior to being hired as Defendant's CPO, Plaintiff had not previously held a CPO role.

4. Instead, Plaintiff has been a labor and employment attorney for 27 years and has consulted and advised on employee, personnel, and disciplinary issues and directed and managed employment litigation.

5. Plaintiff understood her employment with Defendant was at-will.

6. Plaintiff's salary was $185,000.00.

7. As CPO, "Plaintiff was responsible for building an HR infrastructure, managing all HR and employment-related matters, recruiting and interviewing prospective employees, the hiring and firing of employees, and handling all employee-related matters. . .Plaintiff was also responsible for ensuring compliance with all state and federal laws as they related to employees."

8. Plaintiff's job also included ensuring that Defendant was in compliance with the laws that govern employee compensation.

9. At the time, entry level attorneys working with Defendant were paid $65,000.00.

10. On June 2, 2022, Defendant terminated Plaintiff's employment.

**VII. Contested issues of fact.**

Plaintiff

1. Whether Reaves Law Firm's actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.;

2. Whether Reaves Law Firm's actions constitute unlawful retaliation in violation of the FLSA's Equal Pay Act.;

3. Whether Plaintiff is entitled to any damages in the event of a jury verdict in her favor;

4. If Plaintiff is entitled to damages, whether and/or what is the amount of damages due Plaintiff.

Defendant

1. Whether Plaintiff has a reasonable and good faith belief that the alleged pay disparity she identifies in her Complaint constituted a violation of the relevant law.

2. Whether a reasonable person in the same factual circumstances and with the same training and experience as Plaintiff, an employment lawyer with 27 years' experience would have, after a reasonable inquiry, believed that the alleged pay disparity constituted a violation of the law.

3. Whether Plaintiff was fulfilling her job duties as Chief People Officer when she complained to Defendant about an alleged pay disparity.

4. Whether Plaintiff failed or refused to perform and complete the tasks assigned to her as Chief People Officer.

5. Whether Defendant terminated Plaintiff because she failed to perform as expected and required in her role as Chief People Officer including, but not limited to: (i) failing to submit a transition document, (ii) to report to the intake department despite being

specifically instructed to do so, and (iii) failing to perform other job duties and tasks assigned to her.

**VIII. Contested issues of law.**

<u>Plaintiff</u>

None.

<u>Defendant</u>

1. Whether Plaintiff can satisfy the requisite *prima facie* elements of a Title VII retaliation claim.

2. Whether Plaintiff can satisfy the requisite *prima facie* elements of a FLSA retaliation claim.

3. Whether Plaintiff can satisfy the requisite *prima facie* elements of an EPA retaliation claim.

4. Whether Defendant had a legitimate, non-retaliatory reason, and non-pretextual reason for terminating Plaintiff's employment that severs even the possibility of a causal connection.

5. Whether Plaintiff has sufficient admissible evidence to support her claim(s) for liability.

6. Whether Plaintiff has sufficient admissible evidence to support her claim(s) for damages.

7. Whether Plaintiff has failed to mitigate her damages.

8. Whether Plaintiff can satisfy the requirements for a punitive damages' instruction, and whether Plaintiff can prove the elements/requirements for punitive damages claim.

9. Whether Plaintiff is entitled to its costs and attorney's fees.

10. Whether Defendant has presented sufficient evidence to entitle it to an affirmative defense that mitigates or diminishes any liability it may be found to have.

**IX. Exhibits.**

The parties each reserve the right to object to exhibits for lack of foundation, relevance or hearsay depending on the context in which the other party attempts to offer the exhibit at trial and the witness through whom it is offered. The parties also reserve the right to object to exhibits for relevance after the Court rules on motions *in limine*.

Plaintiff:

| Plt. Exh. No. | Description | Bates Stamp No. | Defendant's Objections |
|---|---|---|---|
| 1 | Reaves Law Firm Handbook | PLT113-189 | Not Disclosed (FRCP 26/37) |
| 2 | Email dated 5/31/22 from Henry Reaves | Dep. of Henry Reaves, Exh. 10 | Not Disclosed (FRCP 26/37) |
| 3 | EEOC Position Statement | PLT53-59 | Not Disclosed (FRCP 26/37); FRE 401-403 |
| 4 | Email dated 5/2/22 | PLT110 | Not Disclosed (FRCP 26/37) |
| 5 | Text messages dated 6/8/22 | Dep. of Neva Reaves, Exh 13 | Not Disclosed (FRCP 26/37); FRE 401-403; FRE 801 |
| 6 | Text message | Dep. of Neva Reaves, Exh. 14 | Not Disclosed (FRCP 26/37); FRE 401-403; FRE 801 |
| 7 | Plaintiff's Resume | Dep. of Andrea Jaye Mosby, Exh. 1 | Not Disclosed (FRCP 26/37) |
| 8 | Plaintiff's Remarkable Tablet Notes | PLT62-92 | Not Disclosed (FRCP 26/37) |
| 9 | Email chain dated 6/3/22 | PLT101-112 | Not Disclosed (FRCP 26/37) |
| 10 | EEOC Charge | PLT52 | Not Disclosed (FRCP 26/37); FRE 401-403 |
| 11 | Text message | Dep. of Andrea Jaye Mosby, Exh. 6 | Not Disclosed (FRCP 26/37) |
| 12 | Plaintiff's Job Search Records | PLT1-51 | Not Disclosed (FRCP 26/37) |
| 13 | Plaintiff's W-2 and Pay Statements | Dep. of Andrea Jaye Mosby, Exh. 8; PLT260-264 | Not Disclosed (FRCP 26/37) |
| 14 | Email re: "New Direction" | PLT98-100 | Not Disclosed (FRCP 26/37) |
| 15 | Email re: "New Direction, or Same Old Bullshit?" | PLT101-112 | Not Disclosed (FRCP 26/37) |
| | Any exhibit identified by Defendant. | | |

Each of the aforementioned documents has been previously produced to Defendant in this matter or is already in Defendant's possession. Plaintiff reserves the right to introduce additional exhibits at trial, as may be deemed necessary by Plaintiff, for purposes of impeachment.

Defendant:

| Description | Bates Number or Identification | Plaintiff's Objection |
|---|---|---|
| Emal Chain re: New Direction | PLT000098-000112 | |
| Andrea Jaye Mosby Notes | PLT000062-000092 | |
| Reaves Law Firm Handbook | PLT000113-000184 | |
| Andrea Jaye Mosby Job Search Documents | PLT000001-000051 | |
| Andrea Jaye Mosby Payroll Documents | PLT000260-000261 | |
| Andrea Jaye Mosby Tax Documents | PLT000262-000263 | |
| Andrea Jaye Mosby Resume | Mosby Deposition, Exhibit 1 | |
| Email from Henry Reaves re: Acting CPO | Henry Reaves Deposition, Exhibit 10 | |
| Offer Letter from Reaves Law Firm to Deneice Davis | RLF000001 | |
| Compensation History for Patricia Mosby | RLF000002 | |
| Email Chain re: Human Resources Needs | RLF000003-000005 | |
| Email Chain re Jakira Pay | RLF000006-000013 | |
| Affidavit of Sheena Payne | RLF000014-000015 | |
| Affidavit of Tina Adams | RLF 000016 | |
| Affidavit of PaQuita Redmond | RLF 000017 | |

Each of the aforementioned documents has been previously produced to Plaintiff in this matter or is already in Plaintiff's possession. Defendant reserves the right to introduce additional exhibits at trial, as may be deemed necessary by Defendant, for purposes of impeachment.

**X. Witnesses**

Plaintiff:

1. Expected will call:

| Witness Name | Defendant's Objections |
|---|---|
| Andrea Jaye Mosby | Not Disclosed (FRCP 26/37) |

2. Expected may call:

| Witness Name | Defendant's Objections |
|---|---|
| Henry Reaves | Not Disclosed (FRCP 26/37) |
| Neva Reaves | Not Disclosed (FRCP 26/37) |
| Tina Adams | Not Disclosed (FRCP 26/37) |
| Dwaun Hammond | Not Disclosed (FRCP 26/37) |
| Any witness identified by Defendant. | Not Disclosed (FRCP 26/37) |

Plaintiff reserves the right to call additional witnesses for the purpose of impeachment.

Defendant:

1. Expected will call:

| Witness Name | Plaintiff's Objections |
|---|---|
| Henry Reaves, Chief Executive Officer, Reaves Law Firm PLLC, c/o Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C | |
| Neva Reaves, Chief Experience Officer, Reaves Law Firm PLLC, c/o Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C | |

2. Expected may call:

| Witness Name | Plaintiff's Objections |
|---|---|
| Ted Cummins, Chief Administrative Officer, Reaves Law Firm PLLC, c/o Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. | |
| Bill Walker, Human Resources Director, Reaves Law Firm PLLC, c/o Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. | |
| Tina Adams, Senior Manager of Client Experience, Reaves Law Firm PLLC, c/o Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. | |
| Any witnesses needed for rebuttal and/or impeachment | |

Defendant reserves the right to call any of the above-listed witnesses in any order at the trial of this cause.

**XI. Deposition testimony**

Plaintiff:

Plaintiff may offer deposition testimony (excerpts below) by Henry Reaves and Neva Reaves. Plaintiff also reserves the right to use deposition testimony for rebuttal or impeachment purposes.

1. Henry Reaves

   11:21-12:7
   27:24-28:1
   29:2-9
   30:1-5
   30:9-10
   41:19-42:18
   65:16-23

2. Neva Reaves

| |
|---|
| 8:14-9:19 |
| 9:11-19 |
| 10:2-6 |
| 15:15-20 |
| 22:21-23:4 |

Defendant:

Defendant objects to Plaintiff's deposition designations on the grounds that Henry Reaves and Neva Reaves will be available to testify at trial. As such, the presentation of their deposition testimony will violate F.R.E. 801 and does not comply with F.R.C.P. 32.

Defendant does not intend to present testimony by deposition. However, Defendant reserves the right to use portions of any deposition taken in this cause in any manner permitted under the Federal Rules of Evidence and/or the Federal Rules of Civil Procedure, including for purposes of impeachment.

### XII.   Estimated length of trial

The parties do not anticipate this trial will take longer than one day.

### XIII.   Jury or non-jury trial

This case is set for a jury trial.

### XIV.   Statement Regarding Damages

Plaintiff:

Plaintiff suffered a loss in pay and continues to lose pay as a result of Defendant's retaliatory actions. Plaintiff will also request that the jury award her compensatory damages for all non-economic harm she sustained as a result of Defendant's discriminatory actions in addition to liquidated damages and punitive damages. If Plaintiff prevails at trial, Plaintiff will seek reasonable attorney's fees and expenses.

Defendant:

Defendant contends that Plaintiff will not be able to prevail on any claim and is, therefore, not entitled to recover damages of any kind in any amount. If Defendant prevails, Defendant will seek reasonable attorneys' fees and expenses.

Defendant further maintains that Plaintiff's failure to serve a damages calculation and other information required by F.R.C.P. 26(a)(1)(A)(i) precludes her from presenting evidence regarding any damage she may allege she suffered.

Finally, Defendant specifically objects to Plaintiff's attempt to recover front pay and liquidated damages. Plaintiff did not plead these damages in her Complaint. "Since these damages were never pleaded they cannot be recovered." *Atlas Chem. Indus., Inc. v. Moraine Prods*, 509 F.2d 1, 7 (6th Cir. 1974).

**XV. A list of all attorneys and firm letterhead**

Plaintiff:

Plaintiff will be represented at trial by Donald A. Donati, William B. Ryan, and Janelle C. Osowski with Donati Law, PLLC, 1545 Union Avenue, Memphis, Tennessee 38104. A copy of their letterhead is attached hereto as Exhibit A

Defendant:

Defendant has retained the services of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. The Firm's letterhead is attached to this Order as Exhibit B. The following attorneys will appear at trial on behalf of Defendant: Jonathan C. Hancock (TN Bar No. 18018) and Dean J. Shauger (TN Bar No. 39746).

**XVI. List of special equipment**

Plaintiff:

Counsel for Plaintiff will bring a laptop and/or iPad to the trial and may utilize the Court's audio/visual equipment.

<u>Defendant</u>:

Defendant does not anticipate using any outside equipment in this trial and only expects to use the Court's in-courtroom ELMO projector for purposes of presenting documentary exhibits.

Defendant acknowledges that it is unknown at this time what other evidentiary disputes may exist. Therefore, Defendant reserves the right to object before or during trial to any evidence, witness testimony, or other matters.

SO ORDERED this  5th  day of May 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE