**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| ANDREA JAYE MOSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) No. 2:23-cv-02009-SHM-tmp |
| | ) |
| REAVES LAW FIRM PLLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

Before the Court is Plaintiff's September 4, 2025 Motion for Award of Attorney's Fees and Costs. (ECF No. 79.) Defendant has not responded. For the reasons that follow, the Motion is GRANTED.

**I.   Background**

Both Plaintiff and Defendant vigorously litigated this case. Plaintiff filed her Complaint on February 24, 2023, alleging retaliatory termination in violation of Title VII, the Fair Labor Standards Act ("FLSA"), and the Equal Pay Act ("EPA"). (ECF No. 1.) Defendant filed an Answer denying liability and raising affirmative defenses. (ECF No. 12.) Defendant also filed a motion to dismiss Plaintiff's FLSA and EPA claims. (ECF No. 11.) Plaintiff filed a response, and

Defendant filed a reply. (ECF Nos. 16-17.) The Court denied
Defendant's motion. (ECF No. 18.)

Both parties served and answered interrogatories and
document requests. Each party took three depositions of the
main witnesses in the case. After an unsuccessful mediation,
Defendant filed a Motion for Summary Judgment. (ECF No. 33.)
Plaintiff filed a response, and Defendant filed a reply. (ECF
Nos. 34, 36.) The Court entered an Order Denying Defendant's
Motion for Summary Judgment. (ECF No. 42.)

Plaintiff filed one motion in limine. (ECF No. 44.)
Defendant filed five motions in limine. (ECF No. 45.) Responses
were filed by the parties. (ECF Nos. 46-47.)

Trial commenced on May 5, 2025, and concluded on May 7,
20205. The jury rendered a verdict in favor of Plaintiff on all
of her claims, awarding $258,269.27 in back pay, $516,538.54 in
compensatory damages, and $2.5 million in punitive damages.
(ECF No. 60.) Plaintiff filed a Motion for an Award of Front
Pay, Liquidated Damages, and Prejudgment Interest. (ECF No.
66.) Defendant filed a response, and Plaintiff filed a reply.
(ECF Nos. 73-74.) Defendant filed a Motion for Relief from
Judgment or Order. (ECF No. 72.) The Court entered an Order
granting Plaintiff's Motion for an Award of Front Pay,
Liquidated Damages, and Prejudgment Interest and denying

Defendant's Motion for Relief from Judgment or Order. (ECF No. 77.)

Plaintiff has now filed a Motion for Award of Attorney's Fees and Costs. (ECF No. 79.) The Motion includes a Memorandum of Law, William B. Ryan's Declaration, Janelle C. Osowski's Declaration, time and billing records, declarations from two Memphis attorneys, and multiple exhibits establishing the rates and total fees Defense counsel charged Defendant. (ECF. No. 79.) Plaintiff requests a total of $102,480.00 in fees for the work performed by lead attorney Ryan and his partner Osowski. (ECF No. 79 at 1.) That figure is based on an hourly rate of $500 and 107.6 billed hours for Ryan and an hourly rate of $400 and 121.7 billed hours for Osowski. (ECF. Nos. 79-1 at 6, 79-2 at 4-10.) Plaintiff also requests costs in the amount of $9,694.74. (ECF. No. 79 at 1.)

## II.  Legal Standard

### A.  Attorney's Fees

The court may award reasonable attorney's fees to a party that prevails in a Title VII or FLSA action. See 42 U.S.C. § 2000e-5(k); 29 U.S.C. § 216(b).

A prevailing party is a party who "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." Hensley v.

3

Eckerhart, 461 U.S. 424, 433 (1983); (quoting Nadeau v.
Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)). Obtaining an
"enforceable judgment[] on the merits" is sufficient for a
party to be deemed a prevailing party. See Buckhannon Bd. &
Care Home, Inc. v. W. Va. Dept. of Health & Human Res., 532
U.S. 598, 604 (2001).

      To determine reasonable attorney's fees, the court
calculates "the fee applicant's lodestar, which is the proven
number of hours reasonably expended on the case by an attorney,
multiplied by [the] court-ascertained reasonable hourly rate."
Hubbell v. FedEx SmartPost, Inc., 933 F.3d 558, 575 (6th Cir.
2019) (quoting Waldo v. Consumers Energy Co., 726 F.3d 802, 821
(6th Cir. 2013)). There is a "[a] strong presumption that the
lodestar figure—the product of reasonable hours times a
reasonable rate—represents a 'reasonable' fee.'" [1]  Murphy v.
Smith, 583 U.S. 220, 226 (2018) (quoting Pennsylvania v.
Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546,
565 (1986)). The party seeking attorney's fees bears the burden

---

[1] A court may enhance or decrease the lodestar amount based on the
factors in Johnson v. Georgia Highway Express in "rare" and
"exceptional" circumstances. Perdue v. Kenny A. ex rel. Winn, 559
U.S. 542, 543 (2010); Johnson v. Georgia Highway Exp., Inc., 488
F.2d 714, 717-19 (5th Cir. 1974)). However, most of those factors
are already "subsumed in the lodestar calculation." Perdue, 559 U.S.
at 546. A party seeking enhancement of the lodestar amount "has the
burden of identifying a factor that the lodestar does not adequately
take into account and proving with specificity that an enhanced fee
is justified." Id.

to substantiate "the hours worked and the rates sought."[2]

See Ne. Ohio Coal. for the Homeless v. Husted, 831 F.3d 686,
702 (6th Cir. 2016).

### 1. Reasonable Hours

To determine the number of reasonable hours for the
lodestar calculation, "the standard is whether a reasonable
attorney would have believed the work to be reasonably expended
in pursuit of success at the point in time when the work was
performed." Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169,
1177 (6th Cir. 1990) (abrogated on other grounds by Buckhannon,
532 U.S. 598). The court excludes hours from the lodestar
calculation that were "excessive, redundant, or otherwise
unnecessary." See Hensley, 461 U.S. at 434; Freed v. Thomas,
137 F. 4th 552, 561 (6th Cir. 2025) ("The district court should
exclude from [its] initial fee calculation hours that were not
reasonably expended") (citation omitted). The court "may
'identify specific hours that should be eliminated . . . or it
may rely on its 'overall sense of a suit' and 'use estimates'
to calculate an attorney's time." Freed, 137 F. 4th at 561

---

[2] "In this district, the Local Rules require parties to submit an
affidavit or declaration of counsel detailing the number of hours
spent on each aspect of the case and an affidavit or declaration
from another attorney in the community, who is not otherwise
involved in the case, setting out the prevailing rate in the
community for similar services." Mid-America Apartment Cmty.'s v.
Philipson, No. 2:23-cv-02186-SHL-cgc, 2024 WL 4654452, at *3 (W.D.
Tenn. Nov. 1, 2024) (quoting Local Rule 54.1(b)(1)-(2)).

(citations omitted). "Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority." Hensley, 461 U.S. at 434 (emphasis in original).

Documentation of hours must be sufficiently detailed to allow the court "to determine with a high degree of certainty that [the] hours were actually and reasonably expended in the prosecution of the litigation." Richard v. Caliber Home Loans, Inc., 832 F. App'x 940, 947 (6th Cir. 2020) (quoting Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 351, 553 (6th Cir. 2008)). To be sufficiently detailed, counsel "is not required to record in great detail how each minute of his time was expended [b]ut at least counsel should identify the general subject matter of his time expenditures." Hensley, 461 U.S. at 437 n.12; Imwalle, 515 F.3d at 553. If the fee applicant presents an inadequate documentation of hours, the court "may reduce the award accordingly." Hensley, 461 U.S. at 433; Imwalle, 515 F.3d at 552. Rather than conducting a line-by-line audit of inadequate billing entries to determine which to eliminate, the court may apply an "across the board" percentage reduction in the overall fee. Howe v. City of Akron, 705 F. App'x 376, 382-83. (6th Cir. 2017).

### 2. Reasonable Rate

To determine the "reasonable hourly rate" component of the lodestar calculation, the court assesses the "prevailing market rate in the relevant community." See Waldo, 726 F.3d at 821 (quoting Adcock-Ladd v. Sec. of Treasury, 227 F.3d 343, 350 (2000)) (emphasis omitted). "The prevailing market rate is 'that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" Id. (quoting Adcock-Ladd, 227 F.3d at 350)).

The court "has broad discretion in determining a reasonable hourly rate for an attorney." Husted, 831 F.3d at 715. It is "permitted to 'rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" Waldo, 726 F.3d at 821-22 ((quoting Van Horn v. Nationwide Prop. & Cas. Ins. Co., 436 F. App'x 469, 499 (6th Cir. 2011)).

### B. Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FRCP 54(d)(1). Recoverable costs pursuant to Rule 54(d)(1) are limited to the costs itemized in 28 U.S.C. §1920. Those costs include fees of

7

the clerk and marshal, fees for printed or electronically
recorded transcripts necessarily obtained for use in the case,
and compensation of court appointed experts, among others. 28
U.S.C. § 1920.

The FLSA and Title VII also permit the recovery of costs.
The FLSA provides that "[t]he court . . . shall, in addition to
any judgment awarded to the plaintiff or plaintiffs, allow a
reasonable attorney's fee to be paid by the defendant, and costs
of the action. 29 U.S.C. § 216 (emphasis added). Title VII
provides that, "[i]n any action or proceeding under this
subchapter the court, in its discretion, may allow the prevailing
party, . . . a reasonable attorney's fee (including expert fees)
as part of the costs . . ." 42 U.S.C. §2000-e-5(k). "The award
of statutory costs is a matter for the district court, in its
best judgment as to what was reasonable and necessary . . ."
Sigley v. Kuhn, 205 F.3d 1341, 2000 WL 145187, at *8 (6th Cir.
2000).

## III. Analysis

### A. Attorney's Fees

Plaintiff seeks the lodestar amount of $102,480. (ECF No.
79 at 1.) That figure is based on an hourly rate of $500 and
107.6 billed hours for Ryan and an hourly rate of $400 and
121.7 billed hours for Osowski. (ECF No. 79-2 at 4-10.)

Plaintiff does not seek an upward adjustment of the lodestar.
(ECF No. 79-1 at 9.) Plaintiff also seeks costs in the amount
of $9,694.74 for "the filing fee, court reporter expenses,
process servers, mediation, and expert witness reports." (ECF
No. 79-1 at 11.)

Defendant has not responded to Plaintiff's Motion. Thus,
"the Court need only determine that the requested award is
reasonable and sufficiently supported by documentation provided
by Plaintiff." Jefferson v. Gen. Motors, No. 2:20-cv-02576-JPM-
tmp, 2025 WL 2403511, at *2 (W.D. Tenn. Aug. 19, 2025).

The Court has reviewed the time and billing records
provided by Plaintiff's counsel and the information Plaintiff
has submitted addressing the reasonableness of counsel's hourly
rates. The Court finds that both the amount of time spent and
counsel's hourly rates are reasonable. "The Court finds no
reason for a downward adjustment of the lodestar figure,
especially given that Defendant has not objected to the amount
sought." Peterson v. West TN Expediting, Inc., No. 1:18-cv-
01164-STA-jay, 2020 WL 3490076, at *2 (W. D. Tenn. June 26,
2020).

### 1. Prevailing Party

Plaintiff argues that it is "undisputed" that she is the
prevailing party "in light of the jury's verdict in Plaintiff's
favor." (ECF No. 79-1 at 4.)

9

A party need not succeed on all of its claims to be the prevailing party, but Plaintiff did so. See Hensley, 461 U.S. at 433; Buckhannon, 532 U.S. at 604. Plaintiff succeeded on her Title VII, FLSA, and EPA claims and obtained an enforceable judgment against Defendant. Plaintiff is the prevailing party entitled to recover reasonable fees and costs.

### 2. Reasonable Hours

Plaintiff represents that, "it was necessary for Plaintiff to vigorously prosecute and press her claims to trial" and that, consequently, "the time spent by Plaintiff's counsel [is] reasonable and necessarily incurred in this case." (ECF No. 79-1 at 7-8.) Plaintiff's Motion is supported by time and billing records setting out the number of hours spent by each attorney on each aspect of the case. (ECF No. 79-2 at 4-10.)  The time was recorded contemporaneously in increments of .10 per hour. (ECF No. 79-2 at 3.) Plaintiff's Motion is also supported the Declarations of Plaintiff's counsel, Ryan and Osowski. (ECF Nos. 79-2, 79-3.).

In his Declaration, Ryan states that he and Osowski "have exercised billing judgment at every step of the way and have only billed for actual legal work performed." (ECF No. 79-2 at 3.) Ryan also states that he "believe[s] that all the legal work performed was necessary to achieve a fully successful outcome in this case." (ECF No. 79-2 at 3.)

### a.    Adequacy of Documentation of Hours

Vagueness

Some of the time entries in the time and billing records fail to identify the subject matter of the task performed. For example, the time records contain an entry on June 13, 2023 for "zoom meeting with client." [3] (ECF No. 79-2 at 4.)

However, "explicitly detailed descriptions are not required" for a time entry to be deemed sufficiently detailed for the purpose of assessing the reasonableness of hours spent. Imwalle, 515 F.3d at 554. In determining whether a time entry is sufficiently detailed, the Court reads the entry "in the context of the billing statement as a whole and in conjunction with the timeline of the litigation."[4] Id. (finding time entries such as "conference with," "research," "review file," and "review documents," sufficiently descriptive when read in context of whole billing statement and litigation timeline); see also Nat'l Labor Relations Bd. v. Bannum, Inc., 102 F. 4th

---

[3] Additional examples of entries that do not specify the general subject matter of the task performed include "Zoom meeting with client" on January 17, 2023, "Zoom meeting with client" on May 23, 2023, "multiple emails to/from client" on July 5, 2023, and "multiple emails to/from client" on August 22, 2023, among others. (ECF No. 72-1 at 4-5.)

[4] Concerns about client confidentiality are implicated in determining how specific task descriptions need to be. See McCombs v. Meijer, No. C-1-99-358, 2002 WL 34461863 (S.D. Ohio Nov. 22, 2002), aff'd 395 F.3d 346 (6th Cir. 2005) ("There is no doubt that counsel could have been more specific, however a line must be drawn which serves the purpose of documenting what was done on the one hand and preserves the confidences of the client on the other.")

11

358, 363-64 (6th Cir. 2024) (finding time entry "[p]repare and email correspondence to [] counsel" sufficiently detailed in context of other time entries and case deadlines).

Here, the Court can determine from the timeline of the litigation the subject matter of the few vague entries in the time and billing records. For example, the June 13, 2022 "zoom meeting with client" occurred during the week that Plaintiff's counsel drafted and filed a response to Defendant's Motion to Dismiss. The Court can reasonably conclude that the meeting addressed counsel's response to the Motion to Dismiss. See G.S. v. Lee, No. 2:21-cv-02552-SHL-atc, 2022 WL 20512929, at *7 (W.D. Tenn. Sept. 30, 2022)("'research' and 'research claim' entries, when read within [] context, refer to drafting the Complaint"). The June 13 entry is sufficiently descriptive to allow the Court to determine whether the time spent was actually and reasonably spent.


Block Billing

Some of the time entries in the time and billing records cover multiple tasks instead of itemizing, a billing practice known as "block billing." See Miller v. Caudill, 936 F. 3d 442, 452 (6th Cir. 2019) (Block billing "groups together multiple tasks without specifying how much time each task took.") For example, the time records contain an entry on July 18, 2022 for

2.2 hours with the task description "client meeting regarding
termination from Reaves Law Firm; draft and file EEOC charge."
(ECF No. 79-2 at 4.) It is not clear how much time Plaintiff's
counsel spent meeting with Plaintiff, drafting the EEOC charge,
or filing the EEOC charge.

In this Circuit, "[b]lock billing is not *per se* improper."
Miller v. Davis, 267 F. Supp. 3d 961, 997 (E.D. Ky. 2017),
aff'd sub nom. Miller, 936 F.3d 442 (quoting in part Husted,
831 F.3d at 705 n.7). That is, "[w]hile the practice is
generally discouraged, block billing by itself does not require
a court to reduce a fee award." Oakley v. City of Memphis, No.
06-2276, 2012 WL 2682755, at *3 (W.D. Tenn. June 14, 2012),
report and recommendation adopted, No. 06-2276, 2012 WL 2681822
(W.D. Tenn. July 6, 2012), aff'd 566 F. App'x 425 (6th Cir.
2014)). The issue is whether "the description of the work
performed is adequate." Husted, 831 F.3d at 705 n.7 (quoting
Smith v. Serv. Master Corp., 592 F. App'x 363, 371 (6th Cir.
2014)).

An adequate description in an otherwise block billed time
entry allows courts to "discern the type of work that was
done," a prerequisite for determining that the work was
necessarily done and that the hours spent on it were
reasonable. See Renneker v. Comm'r of Soc. Sec., No. 1:10-cv-
386, 2011 WL 6950510, at *8 (S.D. Ohio Dec. 8, 2011) (declining

13

to reduce fees for block billed time entry "Further R&R review, contact client, begin Objections" because "the Court can discern the type of work that was done and that such work was necessary to the litigation"); see also Cummings Inc. v. BP Prods. N. Am., Inc., Nos. 3:06-0890, 3:07-0834, 2010 WL 796825, at *6 (M.D. Tenn. Mar. 3, 2010) (declining to reduce fees for block billing because the court "was able to clearly ascertain what tasks were performed"); Fair Hous. Advocates Assoc. Inc. v. Terrace Plaza Apartments, No. 2:03-CV-563, 2007 WL 445477, at *5 (S.D. Ohio Feb. 6, 2007) (declining to reduce fees for block billing because the entries did "no[t] significantly limit the Court's ability to determine the reasonableness of the time expended").

The block entries in counsel's billing records adequately describe the tasks performed either alone or in context. Baumann, 102 F. 4th at 364 (declining to reduce fees for block billing because time entry "prepare and email correspondence to [] counsel," in context, "adequately describe[s] the work being done").

For example, from the July 18, 2022 time entry "client meeting regarding termination from Reaves Law Firm; draft and file EEOC charge[,]" it is clear that, over 2.2 billable hours, Ryan met with Plaintiff to discuss the termination at the heart of the EEOC charge and then drafted and filed the EEOC charge.

14

The Court is able to discern the type of work that was done and evaluate the reasonableness of the hours spent on these related tasks, even if it is unable to determine exactly how the 2.2 hours were allocated among the tasks. See United States ex. rel. Scott v. Humana, No. 3:18-CV-00061-GNS-CHL, 2025 WL 2744602, at *30 (W.D. Ky. Apr. 30, 2025) ("Many of the block billed entries involve interconnected tasks such that . . . grouping them together doesn't deprive the undersigned of the ability to review them for reasonableness.")

Courts may reduce fees where block-billed time, although adequately described, includes non-compensable tasks. See Miller, 267 F. Supp. 3d at 996-97. Those time entries are problematic because they "render it impossible for the Court to determine the exact amount of non-compensable time included in the requested hours." Id. at 997. Non-compensable tasks are "[p]urely clerical or secretarial tasks" that "do[] not require legal knowledge." Bannum, 102 F.4th at 366 (quoting Missouri v. Jenkins, 491 U.S. 247, 288 n.10 (1989)). Examples of purely clerical tasks include receiving and filing correspondence, sending and receiving faxes, organizing documents, serving papers, and obtaining transcripts. Bannum, 102 F. 4th at 366.

Some of the block-billed entries in counsel's time and billing records include filing motions and pleadings.[5] Some district courts in this Circuit have held filing motions to be purely clerical and non-compensable. See Miller, 267 F. Supp. 3d at 996-97 ("Clerical work involves tasks that do not require legal knowledge, such as filing motions . . ."); Benoist v. Titan Med. Mfg., LLC, No. 2:19-cv-02704-SHM, 2021 WL 4477084, at * 3 (W.D. Tenn. Sept. 9, 2021) ("Clerical tasks include . . . filing motions.").

However, the Sixth Circuit has recently held that the act of filing motions on the Electronic Court Filing System (ECF) is not purely clerical. Bannum, 102 F. 4th at 366-67 ("Because electronic filing requires legal knowledge, and because the court permits only attorneys to serve as registered users of the ECF system and attorneys are liable for any electronic filings done using their login credentials, electronic filing through the [Electronic Court Filing System] cannot be considered purely clerical."); see also Goza v. Memphis Light, Gas & Water Div., No. 2:17-cv-2873-JPM-dkv, 2019 WL 5855705, at *4 (W.D. Tenn. Oct. 8, 2019), report and recommendation

---

[5] Some examples include "client meeting regarding termination from Reaves Law Firm; draft and file EEOC charge" on July 18, 2022; "edits to complaint; finalize exhibits; file complaint, civil cover sheet, summons" on February 24, 2023; "review service return; finalize and file; review Doc. 10" on April 19, 2023; and "finalize and file resp to MTD" on June 19, 2023. (ECF No. 79-2 at 4-5.)

16

adopted, 2019 WL 5847849 (W.D. Tenn. Nov. 7, 2019) ("Most of
the entries [defendant] objects to as purely clerical contain
filing as a task. The Local Rules establish that rather than
purely clerical tasks, the attorneys were performing legal work
when they drafted, edited, and then filed their documents per
the Local Rules.") Thus, a reduction in fees for block-billed
time is not warranted here.

Plaintiff's documentation of hours is sufficiently
detailed to allow the Court to review the reasonableness of the
hours spent.

### b.   Reasonableness of Hours

"When determining whether hours claimed by a party were
reasonably expended, 'the standard is whether a reasonable
attorney would have believed the work to be reasonably expended
in pursuit of success at the point in time when the work was
performed.'" Oakley, 2012 WL 2682755, at *5 (quoting
Wooldridge, 898 F.2d at 1177). Hours that are "excessive,
redundant, or otherwise unnecessary" are not reasonably spent.
Hensley, 461 U.S. at 430.

Plaintiff's counsel billed for a total of 229.3 hours
spent on this case. (ECF No. 79-2 at 9.)  In his Declaration,
lead counsel William B. Ryan asserts that he "believe[s] that
all of the legal work performed was necessary to achieve a
fully successful outcome in this case" and that he has

17

"exercised billing judgment at every step of the way." (ECF No. 79-2 at 3.) In her Declaration, Memphis attorney Maureen T. Holland states that "the billing and time by both attorneys is very reasonable based upon the time and effort it took to successfully litigate the case." (ECF No. 79-4 at 4.)

After a thorough review of the time and billing records, the Court finds that the hours Plaintiff's counsel spent on this case are reasonable.

Time Billed Not Excessive

Plaintiff's counsel has not billed an excessive amount of time for the case as a whole or for any particular aspect of the case.

The total amount of time billed is not excessive given Defendant's "vigorous opposition to [Plaintiff's claims] at nearly every phase of the litigation[,]" requiring extensive motion practice and taking the case to trial. Husted, 831 F.3d at 702; see Mid-America, 2024 WL 4654452, at *4 (total of 665.1 hours not excessive where defendant "mostly has himself to blame for any increased time [plaintiff's] attorneys and staff had to spend on the matter"); Cummings, 2010 WL 796825, at **4, 6 (total of 4,568 hours high but not unreasonable "because this was a three-year litigation that 'had it all,' including burdensome and time-consuming discovery issues, complex

18

procedural issues, motion practice, two mediation sessions, a
lengthy trial and considerable post-trial briefing").

"[T]here is nothing suspicious or concerning about the
total number of hours Plaintiff's attorneys spent on this case
. . ." Heath v. Metro. Life Ins. Co., No. 3:09-cv-0138, 2011 WL
4005409, at *10 (M.D. Tenn. Sept. 8, 2011) (total of 272.45
hours by two attorneys on an ERISA action not excessive
"particularly in light of its legal and factual complexity").

Plaintiff's counsel did not bill excessive hours for any
aspect of the litigation, including motions and briefing,
discovery, or trial preparation. For example, Plaintiff's
counsel spent approximately nine (9) hours total preparing a
response to the Motion to Dismiss.[6] That amount of time for
this necessary task is not excessive or unreasonable. See

---

[6] The Court arrived at this figure by adding the time billed in the
following entries: "review doc. 11, motion to dismiss" for .5 hours
on May 8, 2023; "review motion to partially dismiss claims filed by
defendant; phone call with client" for .5 hours on May 9, 2023;
"draft motion and proposed order re: enlargement of time" for .3
hours on May 22, 2023; "Zoom meeting with client" for .5 hours on
May 23, 2023; "zoom mtg w/ client re: response" for .5 hours on May
23, 2023; "finalize and file motion for ext of time re: mtd; send
proposed order to judge" for .3 hours on May 24, 2023; "review
doc.15 – order granting motion" for .2 hours on May 24, 2023; "draft
resp to mtd" for 1.3 hours on June 7, 2023; "edit and draft response
to mtd" for .8 hours on June 8, 2023; "Zoom meeting with client" for
.5 hours on June 13, 2023; "zoom mtg w/ client" for .5 hours on June
13, 2023; "research re: flsa mgr exemption; continue drafting
response to mtd" for 1 hr on June 13, 2023; "revise mtd response"
for .4 hours on June 16, 2023; "review and edit response to motion
to dismiss" for 1.2 hours on June 19, 2023; "finalize and file resp
to MTD" for .3 hours on June 19, 2023. (ECF No. 79-2 at 4-5.)

Bannum, 102 F. 4th at 365 (twelve (12) hours for one attorney
to prepare a nearly thirty-page contempt motion was reasonable
and the court had "moreover, previously held far greater hours
spent drafting and editing filings to be reasonable"); Howe v.
City of Akron, No. 5:06-cv-2779, 2016 WL 916701, at *10 (N.D.
Ohio Mar. 10, 2016), aff'd 705 F. App'x 376 (6th Cir. 2017)
(133.85 hours for two attorneys to review and draft a response
to a motion to alter or amend judgment excessive).

Plaintiff's counsel appears to have billed only 3.6
hours for preparing the complaint, above and beyond the work
done to prepare to file the underlying EEOC charge.[7] See
Husted, 831 F.3d at 707 (300 hours for six attorneys to draft
and edit complaint in a case presenting numerous complex
federal and procedural issues not excessive); Ohio Right to
Life Soc., Inc. v. Ohio Elections Comm'n, No. 2:08-cv-492, 2013
WL 5728255, at *19 (S.D. Ohio Oct. 22, 2013), report and
recommendation adopted, 2014 WL 234677 (S.D. Ohio Jan. 22,
2014), aff'd 590 F. App'x. 597 (6th Cir. 2014) (118.25 hours

---

[7] The Court arrived at this figure by adding the time billed in the
following entries: "meeting with client; draft complaint" for 1.5
hours on February 23, 2023; "review eeoc charge; review and edit
complaint; draft summons and civil cover sheet" for 1 hr on February
24, 2023; "edit and finalize complaint" for .3 hours on February 24,
2023; "edits to complaint; finalize exhibits; file complaint, civil
cover sheet, summons" for .3 hours on February 24, 2023; and "draft
and file amended complaint and summons; review doc. 8" for .5 hours
on February 24, 2023. (ECF No. 79-2 at 4.)

researching, drafting, and filing seventeen-page complaint – 1
page of which was the case caption and 2 pages of which were
block quotes - excessive).

"[T]here is no indication that plaintiff's attorney[s]
inflated hours for any specific entry." Renneker, 2011 WL
6950510, at *8. The vast majority of counsel's time entries are
for less than 1.5 hours, and many of those entries are for far
less time and are proportionate to the work described. The
small handful of entries that exceed two hours are for
depositions, trial preparation, and trial – time reasonably and
necessarily spent.


Time Billed Not Redundant

Although multiple attorney litigation comes with the
"danger of duplication" of efforts, "[m]ultiple-lawyer
litigation is common and not inherently unreasonable." Coulter
v. State of Tenn., 805 F.2d 146, 152 (6th Cir. 1986); see
Husted, 831 F.3d at 705; Gratz v. Bollinger, 353 F.Supp.2d 929,
942 (E.D. Mich. 2005) ("[T]here is nothing inherently
unreasonable about making an award for time spent by two or
more lawyers engaged in the same representation . . . ")
(citation omitted). The issue is "whether the case was
overstaffed, or if the hours claimed were duplicative or
wasteful" such that the hours were not reasonably spent. See

Freed, 137 F.4th at 561; see also Raymond James & Assoc.'s,
Inc. v. 50 N. Front St. TN, LLC, No. 18 cv-2104-JTF-tmp, 2022
WL 3337275, at * 7 (W.D. Tenn. Feb. 8, 2022) report and
recommendation adopted, 2023 WL 3480902 (W.D. Tenn. May 16,
2023).

Nothing here suggests that the case was overstaffed.
Raymond James, 2022 WL 3337275, at * 7 ("[B]eyond multiple
attorneys working this case, there is no indication that
[plaintiff] overstaffed this litigation . . .").

Although in many instances both of Plaintiff's attorneys
billed for attending the same meetings and proceedings and
working on the same motions, there is no indication that those
hours were redundant or unnecessary.

It was not needlessly duplicative for both of Plaintiff's
attorneys to attend meetings with the client, mediation, pre-
trial conferences, and trial, as shown in the time and billing
records.[8] Husted, 831 F.3d at 704-05 (not duplicative for
multiple attorneys representing plaintiff to attend telephonic
conferences, proceedings, and hearings).

It was not redundant or unreasonable for both of
Plaintiff's attorneys to work on the same tasks "when reviewing

---

[8] For example, Ryan billed .5 hours for "Zoom meeting with client" on
January 17, 2023, and Osowski billed .5 hours for "zoom mtg w/
client" on the same day. (ECF No. 79-2 at 4.)

and drafting significant documents, such as the Complaint . .
., analyzing Defendant['s] responses to [dispositive] motions
and preparing replies, [and] preparing witnesses and the
presentation of evidence for [trial]." G.S., 2022 WL 20512929,
at *8.

After reviewing the time and billing records of
Plaintiff's counsel, Plaintiff's memorandum of law, lead
counsel Ryan's declaration, and Memphis attorney Holland's
declaration, the Court finds that the hours Plaintiff's counsel
spent on the case were not excessive, redundant, or otherwise
unnecessary. Plaintiff has met her burden of establishing the
reasonableness of the hours spent on the case. No reduction of
hours is warranted. The court adopts 229.3 hours as the proven
number of hours reasonably spent.

### 3. Reasonable Rate

The rates charged by Plaintiff's counsel were $500 per
hour for Ryan, who has been licensed for twenty-six (26) years,
and $400 per hour for Osowski, who has been licensed for
thirteen (13) years. (ECF Nos. 79-2 at 1, 3; 79-3 at 1.)
Plaintiff represents that "the hourly rates sought by
Plaintiff's counsel are reasonable and supported by competent
evidence." (ECF No. 79-1 at 6.)  Plaintiff represents that Ryan
and Osowski "are seasoned and experienced attorneys with nearly
39 years of combined experience, who specialize in handling

employment litigation matters in federal court." (ECF No. 79-1 at 6.)

Plaintiff's Motion is supported by Declarations from Maureen T. Holland and J. Russ Bryant, employment law attorneys in the community. (ECF Nos. 79-3, 79-4.)  The Court finds Holland's Declaration especially persuasive.

In her Declaration, Holland states that a $500 hourly rate for Ryan and a $400 hourly rate for Osowski are "reasonable and in line with what other attorneys of their experience and training would charge and bill." (ECF No. 79-4 at 4.) Holland has been licensed to practice in Tennessee for thirty-three (33) years, and her own hourly rate is $450-500. (ECF No. 79-4 at 1, 5.) Holland bases her opinion on her own "experience and training" and her "familiar[ity] with hourly rates charge by attorneys with similar experience in Memphis." (ECF No. 79-4 at 4.) Holland states that she is "aware of other plaintiff attorneys who have equal or higher hourly rates." (ECF No. 79-4 at 4.) She has "read Tennessee federal court orders granting awards of similar ($475 in 2020) or higher ($500 in 2022) hourly fees for plaintiff employment law work." (ECF No. 79-4 at 4-5.)

Based on Plaintiff's submissions, the Court's familiarity with the hourly rates in its jurisdiction and its knowledge and experience in handling many similar fee requests, and the fact

that Defendant has not contested the hourly rates charged, the
Court concludes that Plaintiff has met her burden of
establishing the reasonableness of the hourly rates sought.
Mid-America, 2024 WL 4654452, at *4; see also Heath, 2011 WL
4005409, at *9 ("Because these rates are supported by counsel's
own claims and competently verified by two members of the
[local] legal community who find them to be reasonable in light
of the case's nature and the experience of Plaintiff's
attorneys . . . the Court considers them to be reasonable.")

No reduction in hourly rates is warranted. The court
adopts $500 per hour for lead attorney Ryan and $400 for
Osowski as the reasonable rate for each.

### 4. Calculation of Reasonable Attorney's Fees

The Court applies a $500 reasonable hourly rate to Ryan's
107.6 hours billed and a $400 reasonable hourly rate to
Osowski's 121.7 hours billed. The Court awards the lodestar
amount of $102,480.00 in reasonable attorney's fees.

### B. Costs

Plaintiff seeks $9,694.74 in costs for "the filing fee,
court reporter expenses, process servers, mediation, and expert
witness reports." (ECF No. 79-1 at 11.) Plaintiff's counsel has
submitted an itemized list of costs. (ECF No. 79-2 at 10.)

Many of the costs Plaintiff seeks are recoverable pursuant
to Federal Rule of Civil Procedure 54(d)(1) as defined at 28

U.S.C. § 1920. Plaintiff's fees paid to the clerk for filing
and serving the complaint are recoverable as "fees of the clerk
and marshal." 28 U.S.C. § 1920.  Plaintiff's costs for
deposition and trial transcripts are recoverable as "fees for
printed or electronically recorded transcripts necessarily
obtained for use in the case." 28 U.S.C. § 1920.

Plaintiff also seeks $800 for the report of expert
economist, Ralph Scott, addressing the pre-judgment interest
calculation. (ECF No. 79-2 at 8, 10.) Scott was not court-
appointed, so Plaintiff is not permitted to recover under Rule
54(d)(1). However, Title VII expressly provides for the
recovery of expert fees as part of a reasonable attorney's fee.
42 U.S.C. §2000-e-5(k) ("[T]he court, in its discretion, may
allow the prevailing party . . . a reasonable attorney's fee
(including expert fees) as part of the costs . . .").

Plaintiff seeks $2,340 for mediation expenses. (ECF No.
79-2 at 10.) "[A]s part of an attorney's fees award pursuant to
federal fee-shifting statutes, district courts may award 'those
incidental and necessary expenses incurred in furnishing
effective and competent representation.'" Echols v. Express
Auto, Inc., 857 F. App'x. 224, 231 (2021) (quoting Waldo, 726
F.3d at 827). The Court finds that the costs incurred for
mediation were reasonable and necessary to provide Plaintiff

effective and competent representation. See Waldo, 726 F.3d at 827 (finding mediation costs reasonable and necessary).

Exercising its discretion, the Court concludes that Plaintiff should be awarded her requested costs.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion is GRANTED. Plaintiff is awarded $102,480.00 in attorney's fees and $9,694.74 in costs.

SO ORDERED this  _23rd_   day of October, 2025.

/s/ *Samuel H. Mays Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE