**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| **ANDREA JAYE MOSBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 2:23-cv-02099-SHM-tmp** |
| | ) | |
| **REAVES LAW FIRM PLLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER DENYING MOTION TO STAY WRIT OF EXECUTION PENDING APPEAL**

Before the Court is Defendant Reaves Law Firm PLLC's Motion to Stay Writ of Execution Pending Appeal. (ECF No. 93.) Plaintiff has filed a Response in Opposition. (ECF No. 94.) For the following reasons, the Motion is DENIED.

**I.    Background**

Plaintiff Andrea Jaye Mosby filed suit against Defendant Reaves Law Firm PLLC, her former employer, on February 24, 2023, alleging Title VII, FLSA, and EPA retaliation claims. (ECF No. 1) The case proceeded to trial. On May 7, 2025, the jury returned a verdict in favor Plaintiff on all of her claims, awarding $258,269.27 in back pay, $516,538.54 in compensatory damages, and $2.5 million in punitive damages. (ECF No. 60.)

On August 21, 2025, the Court entered Judgment in favor of Plaintiff and against Defendant in the amount of $3,631.095.92, which included the jury award as well as an award of $30,000.36 in front pay, $258,269.27 in liquidated damages, and $68,018.48 in prejudgment interest (ECF No. 78.)

Defendant filed a Notice of Appeal on September 23, 2025. (ECF No. 93.)

Plaintiff applied for a Writ of Garnishment on Defendant's bank accounts with Truist Bank and Cadence Bank for the judgment balance of $3,631,095.02, and Notice issued to the banks on December 1, 2025. (ECF Nos. 91-92.) On December 3, 2025, Defendant filed this Motion to Stay Writ of Execution Pending Appeal. (ECF No. 93.) On December 9, 2025, Writ of Execution issued as to both banks requiring the banks to withhold and retain any property in which Defendant has a substantial nonexempt interest to satisfy the Judgment. (ECF Nos. 96-97.)

## II. Standard of Review

Federal Rule of Civil Procedure 62(d) provides that, while an appeal is pending, an appellant may stay the execution of judgment by posting a supersedeas bond. Fed. R. Civ. P. 62(d).[1]

---

[1] Defendant seeks to bring its Motion under Federal Rule of Appellate Procedure 8. However, the Federal Rules of Civil Procedure and not the Federal Rules of Appellate Procedure govern proceedings in

"Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." Arban v. W. Publ'g Corp., 345 F.3d 390, 409 (6th Cir. 2003). "[T]his right is expressly contingent upon the posting of a court approved supersedeas bond." Hamlin v. Charter Twp. of Flint, 181 F.R.D. 348, 351 (E.D. Mich. 1998). [2]

Rule 62(d)'s bond requirement protects both parties. Hamlin, 181 F.R.D. at 351. "It protects the appellant from 'the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal' while protecting the appellee 'from the risk of a later uncollectible judgment and also provid[ing] compensation for those injuries which can be said to be the natural and proximate result of the stay.'" Transp. Ins. Co. v. Citizens Ins. Co. of Am., No. 08-15018, 2013 WL 4604126 (E.D. Mich. Aug. 29, 2013) (quoting Hamlin, 181 F.R.D. at 351).

Although a full supersedeas bond entitles a party to a stay as a matter of right under Rule 62(d), the Sixth Circuit

---

federal district court. Where a "district court's judgment binds [appellant] to pay a specific sum of money . . . Rule 62(d) applies." Titan Tire Corp. of Bryan v. United Steel Workers of Am., Local 890L, No. 09-4460, 2010 WL 815557, at *1 (6th Cir. Mar. 10, 2010).

[2] United States v. GE, 397 F. App'x 144, 151 (6th Cir. 2010) ("[T]he amount of bond usually will be set in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay . . . .") (citation omitted).

has held that Rule 62(d) does not prohibit courts from exercising discretionary authority to reduce or waive the bond requirement altogether. Arban, 345 F.3d at 409. However, "the Sixth Circuit has not defined a specific test to guide the Court's discretion when considering whether to grant an unsecured stay." Koshani v. Barton, No. 3:17-CV-265, 2019 WL 7288802, at *2 (E.D. Tenn. Aug. 14, 2019) (quoting Murray v. Williams, No. 3:15-cv-284, 2017 WL 2469162, at *2 (E.D. Tenn. May 9, 2017)).

In the absence of a definitive standard, "[d]istrict courts within the Sixth Circuit have required parties seeking a stay of execution of judgment without a supersedeas bond to demonstrate 'extraordinary circumstances' justifying such a waiver." Maxum Indem. Co. v. Drive W. Ins. Servs., Inc., No. 13-cv-191, 2019 WL 340107, at *1 (S.D. Ohio Jan. 28, 2019) (quoting Hamlin, 181 F.R.D. at 353); Am. Furukawa, Inc. v. Hossain, No. 14-13633, 2017 WL 9719047, at *2 (E.D. Mich. Nov. 22, 2017)("Because Rule 62(d) makes clear that a stay should issue only upon the posting of a supersedeas bond, it is only under 'extraordinary circumstances' that something less be required.") (quoting Hamlin, 181 F.R.D. at 353).

The Sixth Circuit has recognized that there are extraordinary circumstances "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be

4

a waste of money." Arban, 345 F.3d at 409 (affirming district court's decision to grant an unsecured stay "[i]n light of the vast disparity between the amount of the judgment in th[is] case and the annual revenue of the group of which [appellant] is a part") (citation and quotation omitted). "Those circumstances tend to be when the appellant demonstrates a disproportionately high income in relation to the judgment . . . ." Transp. Ins. Co., 2013 WL 4604126, at *4 (citation omitted).

Some district courts in this Circuit have acknowledged the possibility of finding extraordinary circumstances where satisfying "the [bond] requirement would put the defendant's other creditors in undue jeopardy." Bank v. Byrd, No. 10-02004, 2012 WL 5384162, at *3 (W.D. Tenn. Nov. 1, 2012) (quoting Valley Nat'l Gas, Inc. v. Marihugh, No. 07-11675, 2008 WL 4601032, at *1 (E.D. Mich. Oct. 14, 2008)). In practice, courts in this Circuit rarely, if ever, grant an unsecured stay on this basis and are quick to distinguish this justification from a claim of financial hardship. "[F]inancial hardship and the threat of bankruptcy, rather than justifying the waiver of the bond requirement, are 'the type of injury against which a supersedeas bond is designed to protect—the possibility that a judgment may later be uncollectible.'" Miller v. Hurst, No. 3:17-cv-0791, 2021 WL 2717403, at *3 (M.D. Tenn. July 1, 2021)

(quoting Dublin Eye Assocs. v. Mass. Mut. Life Ins. Co., No.
5:11-128-DCR, 2015 WL 1636160, at *5 (E.D. Ky. April 13,
2015)); Bank, 2012 WL 5384162, at *3 (same).

"[T]he burden is on the moving party to show that
extraordinary circumstances exist." Mariner Health Care, Inc.
v. Sherrod, No. 09-2613, 2010 WL 11601258, at *1 (W.D. Tenn.
July 16, 2010)(citing Vaughan v. Memphis Health Ctr., Inc., No.
03-2470 Ma/V., 2006 WL 2038577, at *1 (W.D. Tenn. July 20,
2006)."Absent the appellant's convincing argument that
'extraordinary circumstances' exist, the courts generally
require that a full supersedeas bond be posted before a stay
will issue . . . ." EB-Bran Prods., Inc. v. Warner Elektra
Atlantic, Inc., No. 03-75149, 2006 WL 1851010, at *2 (E.D.
Mich. July 5, 2006)(citation omitted). Because of the "dual
protective role" it serves "a full supersedeas bond should
almost always be required." Hamlin, 181 F.R.D. at 351 (citation
omitted).

## III. Analysis

In its Motion, Defendant contends that "a stay is
warranted to preserve the status quo pending appellate review."
(ECF No. 93 at 2.) Defendant argues that "execution against
Reaves Law Firm's operating accounts risks sweeping funds that
are not the personal property of Henry E. Reaves, III, but are

6

instead owed to clients, employees for payroll and insurance, medical service providers, taxing agents or authorities, and other third parties." (ECF No. 93 at 2.) Defendant argues that "neither the firm's nor Henry E. Reaves, III's personal assets should be targeted. Freezing or garnishing such accounts would disrupt these obligations, causing harm that cannot be undone and upsetting the status quo that a stay pending appeal is designed to preserve." (ECF No. 93 at 2.)

In her response, Plaintiff argues that Defendant's Motion should be denied because Defendant has not posted the bond required for an automatic stay and has not established the existence of extraordinary circumstances that would override the bond requirement. (ECF No. 94 at 1-3.) Addressing Defendant's argument that targeting its bank accounts would interfere with law firm operations, Plaintiff responds that executing a writ of garnishment on a judgment debtor's bank account is a lawful method of collecting on a judgment to which Plaintiff is entitled. (ECF No. 94 at 3-4.) Plaintiff says that Defendant has provided no evidentiary support for the effect posting a bond would have on Defendant's finances. (ECF No. 94 at 4.)

Defendant is entitled to a stay of execution of the Judgment if it posts a supersedeas bond. Arban, 345 F.3d at 409. However, Defendant here asks the Court to issue a stay of

7

execution of the Judgment without posting a supersedeas bond.

Defendant must therefore demonstrate that extraordinary

circumstances exist to justify the exercise of the Court's

discretion to waive the bond requirement. Mariner, 2010 WL

11601258, at *1.

Defendant has not argued that extraordinary circumstances

for an unsecured stay exist because Defendant's "ability to pay

the judgment is. . . plain" and thus a bond is "unnecessary" to

protect Plaintiff's interest. Arban, 345 F.3d at 409; Contract

Mgmt., Inc v. Babcock & Wilcox Tech. Servs. Y-12, LLC, No.

3:10-cv-110, 2013 WL 870605, at *2 (E.D. Tenn. Mar. 7, 2013)

("A bond is . . . unnecessary when the appellant has adequate

resources to satisfy the judgment.") (citation omitted).

Defendant has not clearly argued that there are

exceptional circumstances because payment of a bond would place

Defendant's other creditors in undue jeopardy. Generously

construed, Defendant's assertion that the execution of the writ

would "disrupt" Defendant's ability to meet its accounts

payable obligations "to clients, employees . . . , medical

service providers, taxing agents or authorities, and other

third parties" suggests that argument. (ECF No. 93 at 2.)

However, Defendant "presents no evidentiary support for .

. . the existence of other creditors, [Defendant's] ability, if

a bond were waived, to satisfy other creditors, or the effect

8

that requiring a bond or allowing immediate enforcement of the Judgment would have on [Defendant's] finances." Bank, 2012 WL 5384162, at *3; Dublin Eye, 2015 WL 1636160, at *5 ("[Appellant] . . . contend[s] that requiring a full supersedeas bond would put other creditors in undue jeopardy. To obtain a waiver on these grounds, [appellant] must provide objective evidence substantiating [its] claim.") (citation omitted). Defendant merely asserts that it will be unable to meet its accounts receivable, without presenting evidence for that assertion. (ECF No. 93 at 2.)

Defendant's suggestion that it cannot simultaneously satisfy a bond in the amount of the Judgment, the same amount sought in the Writ of Execution, and meet Defendant's other financial obligations raises the issue of financial hardship. Defendant's financial hardship weighs in favor of denying the request for an unsecured stay to protect Plaintiff's interests. Eaton Corp. v. Wrena, LLC, No. 1:20-cv-893, 2024 WL 5076313, at *2 (N.D. Ohio Dec. 11, 2024) ("[Defendant's] representations . . . that it 'cannot pay' the judgment or bond, along with the financial consequences of judgment or bond leading to definite bankruptcy or the closing of its business, weigh strongly in favor of requiring a bond."); Bank, 2012 WL 5384162, at *3 (same); see also Johnson v. Connecticut Gen. Life Ins. Co., No. 5:07-cv-167, 2008 WL 918459, at *2 (N.D. Ohio Apr. 1, 2008)

("[In an] uncertain financial environment . . . the risk that [a party] would not have [the ability to pay] is rightly placed with the appellant, not the appellee.")

In the rare circumstances in which courts consider granting a stay with *substitute* security or a *reduced* bond to an appellant claiming financial hardship, courts require "evidence of actual financial hardship." See Vaughan, 2006 WL 2038577, at *1 (citation omitted); Bank, 2012 WL 5384162, at *3 (same).

Here, Defendant has "failed to come forward with any specific evidence as to [its] financial status." Am. Furukawa, 2017 WL 9719047, at *3. Defendant merely states that a writ of execution in the amount of the Judgment, the same amount that would be required by a bond, will "disrupt" its ability to meet its other financial obligations. That is insufficient. Vaughan, 2006 WL 2038577, at **1-2 (denying request to waive bond requirement where defendant claimed giving bond would require it to cut its staff and services, but the only evidence provided was the sworn affidavit of its CEO); Valley Nat'l Gas, 2008 WL 4601032, at *2 (denying request to reduce bond on the unsubstantiated argument that satisfying the judgment amount will "severely impact the firm's financing and the costs of that financing will never be recoverable").

## IV.  Conclusion

A stay of execution of a judgment pending appellate review almost always requires appellant to post a supersedeas bond. Defendant has not demonstrated any extraordinary circumstances warranting waiver of that requirement. Defendant's Motion to Stay Writ of Execution Pending Appeal (ECF No. 93.) is DENIED. Until Defendant submits a supersedeas bond in the full amount of the Judgment, Plaintiff may continue to execute on the Judgment.

SO ORDERED this _7th_ day of April, 2026.

/s/ *Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE