IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| ANDREA JAYE MOSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | )   No. 2:23-cv-02099-SHM-tmp |
| | ) |
| REAVES LAW FIRM, PLLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER GRANTING MOTION TO COMPEL DEFENDANT/JUDGMENT DEBTOR TO APPEAR FOR DEPOSIION AND FOR SANCTIONS**

Before the Court is Plaintiff Andrea Jaye Mosby's December 8, 2025 Motion to Compel Defendant/Judgment Debtor Reaves Law Firm, PLLC ("the "Law Firm") to Appear for Deposition and for Sanctions. (ECF No. 95.) Defendant has not responded to the Motion. For the following reasons, Plaintiff's Motion is GRANTED.

I.    **Background**

On August 21, 2025, the Court entered Judgment in favor of Plaintiff and against Defendant Law Firm in the amount of $3,631,095.92. (ECF No. 78.) Defendant filed a Notice of Appeal on September 23, 2025. (ECF No. 93.)

As part of the efforts to collect the judgment debt, Plaintiff has pursued post-judgment discovery to determine the

nature, location, and extent of Defendant/Judgment Debtor's assets and property on which execution can issue. (ECF No. 95-2 at 3.) By Plaintiff's account—which is undisputed by Defendant and documented by email correspondence attached to Plaintiff's Motion—Plaintiff has attempted to schedule depositions with Henry Reaves c/o Defendant/Judgment Debtor, Henry Reaves individually, and Neva Reaves since October 2025.[1] Defendant and Henry Reaves have not cooperated with those efforts. (ECF No. 95 at 2-4.) On December 3, 2025, Defendant/Judgment Debtor and Henry Reaves failed to appear at properly noticed depositions. (ECF No. 95 at 3.) To date, no depositions have been taken and no documents have been provided. (ECF No. 95 at 4.)

## II.  Standard of Review

Under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor, "[i]n aid of the judgment or execution, . . .  may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "A judgment creditor is entitled to utilize the full panoply of federal discovery measures provided for

---

[1] Plaintiff requests Defendant to produce documents for inspection at the depositions under Federal Rule 30(b)(2) and Rule 34. (ECF No. 95-2 at 4.)

under federal and state law to obtain information from parties and non-parties alike." United States v. Edmond, No. 2:13-cv-02938-STA-tmp, 2016 WL 11543254, at *4 (W.D. Tenn. June 27, 2016) (citation and quotation marks omitted). "[T]he scope of postjudgment discovery is very broad[.]" United States v. Conces, 507 F.3d 1028, 1040 (6th Cir. 2007) (citation and quotations omitted).

Post-judgment discovery plays a crucial role in the execution of a judgment by allowing a judgment creditor "to obtain information . . . about assets on which execution can issue or about assets that have been fraudulently transferred." Iron Workers Dist. Counsel of S. Ohio & Vicinity Benefit Trust v. Matheny & Sons Gen. Contracting, LLC, No. 3:21-cv-00081, 2023 WL 3570605, at 2 (S.D. Ohio May 19, 2023) (quoting Searcy v. GUUAS, LLC, No. 2:19-CV-03124, 2021 WL 2256220, at *1 (S.D. Ohio 2021); see also Scioto Constr., Inc. v. Morris, 2007 WL 108906, *2 (E.D. Tenn. 2007).

A judgment creditor may avail itself of oral depositions and document inspection requests provided by the Federal Rules. Under Rule 30, "a party may, by oral questions, depose any person, including a party, without leave of the court . . . ." Fed. R. Civ. P. 30(a)(1). A notice to depose a person may be accompanied by a request under Rule 34 for the deponent to produce documents at the deposition for inspection. Fed. R.

Civ. P. 30(b)(2). The party seeking to depose another "must give reasonable written notice . . . . The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1).

Where a party fails to comply with a permitted discovery request, the party seeking discovery may move for an order compelling compliance under Federal Rule 37. Fed. R. Civ. P. 37(a). It is within a court's discretion to grant a motion to compel. See Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993).

If a court grants a motion to compel, the court "*must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, the court "must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Where a party fails to comply with an appropriate discovery request, the party seeking discovery may also move

for sanctions under Federal Rule 37. Fed. R. Civ. P. 37(b)-(f). The Rules specifically provide for sanctions for a party's failure to appear at a deposition after being served with proper notice and for a failure to respond to a request for document inspection. Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii). Available sanctions include the payment of "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed R. Civ. P. 37(d)(3).

## III. Analysis

### A.    Summary of Events

On October 29, 2025, Counsel for Plaintiff served deposition notices for the depositions of Henry Reaves, Neva Reaves, and Defendant Law Firm on November 17, 2025 by email to Henry Reaves' email address. (ECF No. 95-1 at 6-7.) The same day, Henry Reaves responded to the email confirming receipt of the notices and representing that neither he nor Neva Reeves was available to be deposed on that date. (ECF No. 95-1 at 5.) He did not explain the nature of his conflict[2] but simply said

---

[2] Mr. Reaves explained that Neva Reaves was in the "final trimester of a high-risk geriatric pregnancy with a scheduled C-section delivery date of January 8, 2026" and "will not be attending a deposition prior to her delivery and recovery period." (ECF No. 95-1 at 5.) Plaintiff's counsel

5

that he was not available from November 17 through the end of Thanksgiving week and asked Plaintiff's counsel to "please confer and propose available dates in early December for my deposition." (Id.) Plaintiff's counsel responded less than ten minutes later, proposing December 1, 3, or 4 for Mr. Reaves' and Defendant Law Firm's depositions. (ECF No. 95-1 at 5.)

After securing Plaintiff's agreement to reschedule the depositions noticed for November 17, 2025, on the representation that Mr. Reaves was unavailable that day but available in early December and wished to "confer" on the matter, Mr. Reaves failed to reply to emails attempting to confirm an alternative date for the depositions. Five days after Plaintiff's counsel had offered alternative dates as requested, Plaintiff's counsel followed up on November 3, asking Mr. Reaves if he would be available to be deposed on December 1, 3, or 4. (ECF No. 95-1 at 1-2.) An additional fourteen days passed without any response from Mr. Reaves.

By failing to respond for nearly three weeks, Mr. Reaves forced Plaintiff to reschedule the depositions unilaterally or accept an indefinite delay in post-judgment discovery critical to executing on the Judgment. Plaintiff chose the former option. On November 17, 2025, using the limited information Mr.

---

agreed to postpone the scheduling of Neva Reaves' deposition. (ECF No. 95-1 at 4.)

6

Reaves had provided about his availability to best ensure the noticed date would work for him, Plaintiff's counsel served notices for depositions on December 3, 2025. (ECF No. 95-1 at.)

On November 18, 2025, Mr. Reaves broke his extended silence to respond to the second deposition notice with a one-sentence email: "I'm filing chapter 11, I'll send you the petition." (ECF No. 95-3 at 3.) Mr. Reaves was then silent for another two weeks. He never filed a bankruptcy petition or otherwise confirmed that Defendant Law Firm had filed for bankruptcy. On November 30, 2025, Plaintiff's counsel sought to confirm whether Defendant had filed for bankruptcy and emphasized that "[i]f not, we intend to go forward with the depositions that we noticed for Dec. 3." (ECF No. 95-3 at 3.) Mr. Reaves did not respond.

At noon on December 2, 2025, one day before the scheduled deposition, Plaintiff's counsel again followed up with Mr. Reaves, confirming that the depositions were scheduled for the next day and that a court reporter and videographer had been booked and would bill Plaintiff if Mr. Reaves did not attend. (ECF No. 95-3 at 1-2.) Plaintiff's counsel asked for "the courtesy of a response" about whether Mr. Reaves planned to attend. (ECF No. 95-3 at 1.) At 10:35PM on December 2, 2025, the evening before the noticed depositions, Mr. Reaves responded, "I never said I was available at that time. I won't

be able to attend." (ECF No. 95-3 at 1.) Mr. Reaves did not attend the depositions on December 3, 2025. (ECF No. 95-4.)

On December 8, 2025, Plaintiff brought the instant Motion asking the Court to order Defendant/Judgment Debtor and Mr. Reaves to appear for depositions at a date, time, and location within 21 days of the Court's order, subject to sanctions for non-compliance. (ECF No. 95 at 4.) Plaintiff also requests that the Court award her reasonable attorney's fees and costs associated with Defendant's and Mr. Reaves' failure to appear for depositions on December 3, 2025, and with bringing this Motion. (ECF No. 95 at 4.)

**B.    Motion to Compel**

There is no question that Plaintiff served Defendant with proper, reasonable notice of the depositions to be held on December 3, 2025. The notice clearly stated the date of the depositions as December 3, 2025, the time of the depositions as 9:00AM for Henry Reaves c/o Defendant and 10:30AM for Henry Reaves, individually, and the place of the depositions as Donati Law, PLLC, 1545 Union Ave., Memphis TN, 38104. (ECF No. 95-2.) The notice was served a reasonable sixteen days before the depositions. See, e.g. Anderson v. Furst, No. 2:17-12676, 2019 WL 2284731, at *4 (E.D. Mich. May 39, 2019) (nine-days' notice reasonable given the facts and circumstances of the case).

8

There is no question that Defendant and Mr. Reaves failed to appear for the properly noticed depositions.[3] (ECF No. 95-4.) Mr. Reaves' failure to appear is not excused by his representation to Plaintiff's counsel on November 18, 2025, that Defendant intended to file bankruptcy, which would have automatically stayed proceedings, including the scheduled depositions. Defendant did not, in fact, file bankruptcy before the depositions and has not filed to date.[4]

Mr. Reaves' failure to appear is not excused by his email to Plaintiff's counsel at 10:35PM on December 2, the evening before the depositions scheduled for December 3 at 9:00AM, saying he was not available at the scheduled time and would not be attending. If Mr. Reaves in fact had an unavoidable conflict so that he was unable to attend the depositions on December 3, he failed to communicate that information in a timely way and to engage in good faith discussions to reschedule, despite sixteen days' notice in which to do so.

Defendant's unexcused failure to attend the properly noticed depositions on December 3, 2025, in which Plaintiff sought information to which she was entitled as a judgment creditor, warrants granting Plaintiff's Motion to Compel

---

[3] By failing to attend, Defendant has also failed to provide documents for inspection as requested under Rule 34.

[4] If Defendant has filed for bankruptcy, it has failed to notify the Court as required.

9

Defendant/Judgment Debtor and Mr. Reaves to appear for depositions and to produce the requested documents for inspection.[5]

### C.    Motion for Sanctions

Before imposing sanctions under Rule 37, courts in the Sixth Circuit ask whether (1) the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault, (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery, and (3) whether the party was warned that failure to cooperate could lead to the sanction.[6] Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997) (citation omitted).

---

[5] "Plaintiff's requests, which seek information regarding the existence and whereabouts of Defendant's assets, constitute exactly the type of discovery requests permissible under Federal Rule 69(a)(2)." Miller v. Ability Recovery Servs., LLC, No. 1:18-cv-266, 2020 WL 2838597, at *2 (S.D. Ohio June 1, 2020)

[6] When the sanction of dismissal is sought, courts consider a fourth factor: whether less drastic sanctions were first imposed or considered. Freeland, 103 F.3d at 1277. That factor is not relevant here. See Holbrook v. Ownbrix Int'l Corp., No. 2:19-cv-5087, 2021 WL 783550, at *3n. 2 (W.D. Tenn. Mar. 1, 2021).

Although many courts in this Circuit apply the Freeland factors when imposing *any* sanction under Rule 37, including monetary sanctions, courts are inconsistent on whether review of the factors is only necessary when considering the sanction of dismissal. Compare Chandler v. Daly, No. 06-2742 B/P., 2008 WL 2357673, at *2 (W.D. Tenn. June 4, 2008)("The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether . . . monetary sanctions are warranted" for failure to cooperate with discovery) with Oro BRC4, LLC v. Silvertree Apartments, Inc., No. 2:19-cv-5087, 2022 WL 19558082, at *12 (S.D. Ohio Mar. 18, 2022) (finding four-fact test inapposite when invoking monetary sanctions under 37(d) given compulsory language).

## 1.    Willfulness, Bad Faith, or Fault

Defendant and Mr. Reaves' failure to cooperate with Plaintiff's repeated, good faith efforts to schedule depositions and their failure to appear at the depositions noticed for December 3, 2025, were willful and in bad faith. See Papucci v. A. Ray Brown Family Inv. LP, No. 1:21-cv-280, 2025 WL 622070, at *2 (S.D. Ohio Feb. 26, 2025)("After a pattern of evasive and inadequate communication regarding scheduling of the deposition, Defendant ultimately failed to ensure its appearance, or otherwise provide notice that it would not attend the deposition. Fault, here, therefore lies with Defendant."); In re Berkeley, No. 24-12845, 2026 WL 404202, at *4 (Bankr. ND Ohio Feb. 1, 2026) ("[Defendant's] failure to cooperate with [Plaintiff's counsel] (despite his repeated requests) to establish a deposition date, failure to appear at [the] deposition, . . . and failure to provide any other evidence precludes [Defendant] from meeting its burden of showing that [the] failure to appear . . . was due to inability, not willfulness or bad faith.")(citation, brackets, and quotation marks omitted); see also Maldonado v. Thomas M. Cooley Law Sch., 65 F. App'x 955, 956-57 (6th Cir. 2003) (affirming a finding of willfulness and bad faith where plaintiff failed to appear for noticed deposition and declined to coordinate with defense counsel for a new deposition date);

11

TERA II, LLC v. Rice Drilling D, LLC, 2:19-cv-2221, 2022 WL 34397, at *4 (S.D. Ohio Jan. 4, 2022) (deponent's last-minute notice that it would not attend noticed deposition was willful). Defendant has not replied to Plaintiff's Motion to explain its failure to appear. See McGowan v. Dell Comput. Corp., No. 3:04-0996, 2007 WL 2327063, at *3 (M.D. Tenn. Aug. 10, 2007)("[E]ven now, [Defendant] fails to provide a legitimate reason for his failure to appear at his deposition.").

### 2.  Prejudice

Plaintiff was prejudiced when Defendant failed to appear for the December 3 depositions. "The deponents' failure to appear has needlessly delayed enforcement of the judgment and increased expenses and costs." (ECF No. 95 at 4.) Plaintiff was required to pay for the services of a court reporter and videographer despite Defendant's non-appearance and had to prepare the instant motion. See Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997) (finding prejudice where party seeking discovery was "required to waste time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide").

### 3.  Warning

The Court has not previously warned Defendant and Mr. Reaves that failing to appear for noticed depositions and

12

failing to produce requested documents could lead to sanctions. However, Defendant, a law firm, and Mr. Reaves, an attorney, were aware that failure to cooperate with discovery could lead to sanctions. Papucci, 2025 WL 622070, at *2. Moreover, "no one factor is dispositive . . . ." in the decision to impose sanctions. Mager v. Wis. Cent. Ltd., 924 F.3d 831, 837 (6th Cir. 2019) (citation and quotation marks omitted).

### 4.    Imposition of Sanctions

Plaintiff made good-faith attempts to obtain Defendant's cooperation with post-judgment discovery, Defendant's failure to cooperate was not substantially justified, and no circumstances would make an award of expenses against Defendant unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The imposition of expenses against Defendant, including attorney's fees, is warranted to compensate Plaintiff for the reasonable expenses incurred in bringing this Motion and caused by Defendant's failure to appear at the noticed depositions.

The Court GRANTS Plaintiff's request for reasonable expenses, including attorney's fees (1) incurred in making the Motion to Compel pursuant to Rule 37(a)(5)(A) and (2) caused by Defendant's failure to appear for depositions and produce documents for inspection pursuant to Rule 37(d)(3).

13

## IV.  Conclusion

The Court GRANTS Plaintiff's Motion to Compel and for Sanctions.

Defendant/Judgment Debtor Law Firm and Henry Reaves are ORDERED to appear for depositions between April 20, 2026, and May 11, 2026. If the parties are unable to agree on a date within that window, Defendant Law Firm and Henry Reaves are ORDERED to appear for depositions on May 13, 2026, at 9:00 a.m., at a location designated by Plaintiff's counsel. Defendant Law Firm and Henry Reaves are ORDERED to produce legible copies of all documents previously requested.

Plaintiff is DIRECTED to file an affidavit verifying the expenses incurred within fourteen (14) days of this Order. Defendant is permitted to respond to Plaintiff's accounting of expenses within seven (7) days of service of the affidavit.

Defendant is cautioned that failure to comply with the terms of this Order may result in the imposition of additional sanctions, including but not limited to, civil contempt. Fed. R. Civ. P. 37(b)(2),(d)(3).

SO ORDERED this __16th__ day of April, 2026.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE