**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| ANDREA JAYE MOSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | )    No. 2:23-cv-2099-SHM-tmp |
| | ) |
| REAVES LAW FIRM, PLLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER GRANTING MOTION FOR TURNOVER OF GARNISHED/LEVIED FUNDS**

Before the Court is Plaintiff/Judgment Creditor Andrea Jaye Mosby's Motion for Turnover of Garnished/Levied Funds that Garnishee Cadence Bank holds for Defendant/Judgment Debtor Reaves Law Firm, PLLC. (ECF No. 102.) For the following reasons, Plaintiff's Motion is GRANTED.

## I.    Background

On August 21, 2025, the Court entered Judgment in favor of Plaintiff and against Defendant in the amount of $3,631.095.92. (ECF No. 78.) On October 23, 2025, Plaintiff filed Applications for Writ of Execution against Defendant, Reaves Law Firm, PLLC's bank account for the judgment balance of $3,631.095.92. (ECF No. 89.) On December 9, 2025, the Court issued Writs of Execution as to Truist Bank and Cadence Bank. (ECF No. 96-97.)

On December 3, 2025, Defendant filed a Motion to Stay Writ of Execution Pending Appeal without posting a *supersedeas* bond. (ECF No. 93.)

On January 7, 2026, Cadence Bank filed an Answer to the Writ of Execution. (ECF No. 100.) Cadence Bank stated that "at the time of the service of the writ Garnishee was indebted to Reaves Law Firm PLLC in funds in excess of the total amount of the garnishment of Fifteen Thousand Three Hundred Fifty Dollars and Seventy-Seven Cents ($15,350.77)." (ECF No. 100.)

On March 4, 2026, Plaintiff filed a Motion for Turnover of Garnished/Levied Funds asking the Court for an Order directing Cadence Bank to remit the funds identified in its Answer to the Writ of Garnishment to the Court. (ECF No. 102.)

On April 7, 2026, the Court entered an Order denying Defendant's Motion to Stay Writ of Execution Pending Appeal. (ECF No. 104.)

## II.  Standard of Review

"A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution . . . must accord with the procedure of the state where the court is located . . . ."  Fed. R. Civ. P. 69(a); Tenn. Code Ann. § 26-1-103 ("All judgments and decrees of any of the judicial tribunals of this state for money may be enforced by execution.")

2

The Tennessee Code and Tennessee Rules of Civil Procedure establish the procedure for executing a writ of garnishment to collect on a money judgment. In relevant part, the Rules provide that, on being served with a writ of garnishment, a garnishee must (1) must file an answer with the court accounting for any property of the judgment debtor held by the garnishee within ten (10) days and (2) must withhold and retain any property of the judgment debtor pending further order of the court. Tenn. Code Ann. § 26-2-203(a); Tenn. R. Civ. Pro. 69.05 §§ 1, 3; see Boyd v. Cruze, No. E2003-02697-COA-R3-CV, 2005 WL 1493157, at *8 (Tenn. Ct. App. Jun. 24, 2005) ("Upon its service the property, effects, or debts in the hands of the garnishee are in the custody of the law, and beyond the control of either the garnishee or the judgment debtor." (citation omitted)).

If a garnishee determines it possesses or controls money or property of the judgment debtor, it must provide a copy of the garnishment summons and a Notice to Judgment Debtor by the next business day after being served with the writ. Tenn Code Ann. § 26-2-203. Within twenty (20) days from the mailing of notice by garnishee, a judgment debtor may claim any of the exemptions listed in § 26-2-103 and § 26-2-111 by filing a motion to quash the writ of execution. Tenn. Code Ann. § 26-2-407.

After a garnishee answers the writ and "it appears that the garnishee has property, debts, or effects in the garnishee's hands or under the garnishee's control, liable for the plaintiff's debt, judgment may be entered and execution awarded for the property, money, or effects." Tenn. Code Ann. § 26-2-206. Once the property is declared to be the property of the defendant and execution is awarded for the property, "the property shall be delivered up to the officer serving the garnishment, on demand." Tenn. Code Ann. § 26-2-208.

## III. Analysis

In its Answer to the Writ of Execution, Garnishee Cadence Bank confirmed that it holds funds in the amount of $15,350.77 on behalf of Defendant. (ECF No. 100.) The time for Defendant to assert exemption rights has expired. The funds identified in Garnishee Cadence Bank's Answer are subject to execution. Cadence Bank is directed to pay the Court the $15,350.77 it identified in its Answer to satisfy Plaintiff's judgment.

## IV. Conclusion

Plaintiff's Motion for Turnover of Garnished/Levied Funds (ECF No. 103) is GRANTED.

SO ORDERED this ___4th___ day of August, 2026.

4

/s/ *Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE