**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| **ANDREA JAYE MOSBY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 2:23-cv-02009-SHM-tmp** |
| **REAVES LAW FIRM PLLC,** | ) | |
| **Defendant.** | ) | |

**ORDER AWARDING ATTORNEY'S FEES AND COSTS**

On April 16, 2026, the Court granted Plaintiff Andrea Mosby's Motion to Compel Defendant/Judgment Debtor Reaves Law Firm, PLLC to Appear for Deposition and for Sanctions. (ECF No. 105.) In its Order, the Court awarded Plaintiff attorney's fees and costs associated with prosecuting the Motion to Compel and directed Plaintiff to file an affidavit verifying the expenses incurred within fourteen (14) days of the Order. Defendant was given seven (7) days from service of the affidavit to respond to Plaintiff's accounting of expenses. (Id.)

On April 28, 2026, Plaintiff filed an affidavit with a detailed accounting of her fees and costs. (ECF No. 106.) Defendant has not filed objections to the accounting. Having reviewed Plaintiff's accounting, the Court concludes that the

requested amount is reasonable and AWARDS Plaintiff her requested attorney's fees and costs.

## I.    Legal Standard

After a court decides that an award of fees is appropriate, the court must determine a reasonable amount of fees. Nichols v. GMAC Home Mortg. Corp., No. 10-2072, 2012 WL 3069682, at *1 (W.D. Tenn. July 26, 2012). The court calculates "the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by [the] court-ascertained reasonable hourly rate." [1] Hubbell v. FedEx SmartPost, Inc., 933 F.3d 558, 575 (6th Cir. 2019) (quoting Waldo v. Consumers Energy Co., 726 F.3d 802, 821 (6th Cir. 2013)); see Murphy v. Smith, 583 U.S. 220, 226 (2018) (There is a "[a] strong presumption that the lodestar figure— the product of reasonable hours times a reasonable rate— represents a 'reasonable' fee.'") (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)).

---

[1] A court may enhance or decrease the lodestar amount based on the factors in Johnson v. Georgia Highway Express in "rare" and "exceptional" circumstances. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 543 (2010); Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

2

The party seeking attorney's fees bears the burden of substantiating the hours worked and the rates sought. See Ne. Ohio Coal. for the Homeless v. Husted, 831 F.3d 686, 702 (6th Cir. 2016). "In this district, the Local Rules require parties to submit an affidavit or declaration of counsel detailing the number of hours spent on each aspect of the case and an affidavit or declaration from another attorney in the community, who is not otherwise involved in the case, setting out the prevailing rate in the community for similar services." Mid-America Apartment Cmty.'s v. Philipson, No. 2:23-cv-02186-SHL-cgc, 2024 WL 4654452, at *3 (W.D. Tenn. Nov. 1, 2024) (citing Local Rule 54.1(b)(1)-(2)).

## II. Analysis

Plaintiff seeks $2,450.00 in fees for the work performed by lead attorney William B. Ryan and his partner Janelle Osowski. (ECF No. 106-1 at 1.) That figure is based on an hourly rate of $500 and 3.7 hours billed for Ryan and an hourly rate of $400 and 1.5 hours billed for Osowski. (ECF Nos. 106-1 at 1-2; 106-3 at 1.) Plaintiff also seeks costs of $200 for court reporter expenses. (ECF. 106-1 at 1.) Plaintiff seeks a total award of $2,650.00. (ECF No. 106-3 at 1.)

In support of her request, Plaintiff attaches to her affidavit the Declaration of lead counsel, Ryan, time and

billing records, and an invoice for court reporter services for the December 3, 2025 deposition that Defendant failed to attend. (ECF Nos. 106-1; 106-2; 106-3.)

### A. Attorney's Fees

#### 1. Reasonable Hours

Plaintiff's counsel billed for a total of 5.2 hours for drafting and prosecuting the Motion to Compel and preparing for and attending the December 3, 2025 deposition that Defendant did not attend. (ECF Nos. 106-1 at 2; 106-3 at 1.)

The hours spent are adequately documented by the attached billing records setting out the time spent by each attorney in increments of .10 per hour. See Jefferson v. Gen. Motors, No. 2:20-cv-02576-JPM-tmp, 2025 WL 2403511, at *2 (W.D. Tenn. Aug. 19, 2025).

After a review of the time and billing records, the Court finds that the hours Plaintiff's counsel spent are reasonable. See Nichols v. GMAC Home Mortg. Corp., No. 10-2072, 2012 WL 3069682, at *1 (W.D. Tenn. July 26, 2012) (finding 5.6 hours billed in drafting and prosecuting defendant's motion for sanctions reasonable).

#### 2. Reasonable Rate

The rates charged by Plaintiff's counsel were $500 an hour for Ryan and $400 an hour for Osowski. (ECF 106-1 at 1.)

4

Plaintiff has not submitted a declaration from another attorney in the community attesting to the reasonableness of the hourly rates sought. Local Rule 54.1(b)(2). However, Ryan's Declaration states that the Court recently awarded attorney's fees in this matter at rates of $400 an hour for Osowski and $500 an hour for Ryan. (Id.) The Court determined that those rates were reasonable based on declarations Plaintiff submitted from experienced employment law attorneys in the community. (ECF No. 90 at 23-25.)

Plaintiff has met her burden of establishing the reasonableness of the hourly rates sought. Mid-America, 2024 WL 4654452, at *4.

The Court awards Plaintiff the requested lodestar figure of $2,450.00 in attorney's fees.

**B. Costs**

Plaintiff seeks $200 in costs for court reporter expenses for the December 3, 2025 deposition that Defendant did not attend. (ECF No. 106-1 at 1.) Plaintiff's counsel has submitted an invoice documenting that expense. (ECF No. 106-2.)

Plaintiff should be awarded her requested costs.

## III. Conclusion

For the foregoing reasons, the Court AWARDS Plaintiff $2,450.00 in attorney's fees and $200 in costs.

SO ORDERED this ___4th___ day of August, 2026.

/s/ *Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE