**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **ANDREA JAYE MOSBY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 2:23-cv-02099-SHM-tmp** |
| **REAVES LAW FIRM, PLLC,** | ) | |
| **Defendant.** | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff Andrea Jaye Mosby's February 12, 2026 Motion for Reconsideration (the "Motion"). (ECF No. 101.) In the Motion, Plaintiff asks the Court to reconsider its October 14, 2025 Order denying Plaintiff's Motion for Appointment of a Receiver. (ECF No. 87.) Defendant has responded in opposition. (ECF No. 103.) For the reasons that follow, the Motion is DENIED.

## I. Background

On August 21, 2025, the Court entered Judgment in favor of Plaintiff and against Defendant/Judgment Debtor Reaves Law Firm, PLLC in the amount of $3,631,095.92. (ECF No. 78.) On September 12, 2025, Plaintiff moved the Court to appoint a

receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure (ECF No. 80.) The Court denied the motion, finding that "[t]he balance of the relevant factors weighs against the 'extraordinary remedy' of appointing a receiver at this time." (ECF No. 87 at 26.)

On February 12, 2026, Plaintiff moved the Court to reconsider its October 14, 2025 order denying Plaintiff's motion to appoint a receiver. (ECF No. 101.) In support of the Motion, Plaintiff cites several developments since the Court denied her motion to appoint a receiver. These developments include: (1) Defendant/Judgment Debtor, Henry Reaves, and Neva Reaves' failure to appear voluntarily for depositions, (2) Plaintiff's December 8, 2025 Motion to Compel Defendant/Judgment Debtor and Henry Reaves to Appear for Deposition and for Sanctions (ECF No. 93), (3) Plaintiff's unsuccessful collection efforts on Defendant's bank accounts, and (4) Henry Reaves' "misrepresentation that [Defendant/Judgment Debtor] would seek bankruptcy relief." (Id. at 1-2.) Plaintiff argues that, given these developments, "the circumstances warrant reconsidering Plaintiff's motion to appoint a receiver to protect the assets . . . ." (Id. at 2.) Plaintiff asks the Court to set aside its order and set a hearing to appoint a receiver. (Id.)

Defendant opposes Plaintiff's Motion. (ECF No. 103.) Defendant argues that (1) no legal authority provides for

reconsideration of a Rule 66 order and that (2) Plaintiff's Motion does not demonstrate any of the circumstances that would justify reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b). (Id. at 2-3.)

## II. Standard of Review

The Federal Rules do not expressly provide for a "motion for reconsideration." Townsend v. Foley, No. 1:21-CV-2264, 2024 WL 3532925, at *2 (N.D. Ohio July 25, 2024). Rather, federal courts construe a "motion for reconsideration" of a final order or judgment as a motion to alter or amend under Rule 59(e) or as a motion for relief under Rule 60(b). See Moody v. Pepsi-Cola Metro. Bottling Co., Inc., 915 F.2d 201, 206 (6th Cir. 1990); Donaldson v. Central Michigan University, 109 F. App'x. 15, 17 (6th Cir. 2004). "Generally, when a party files a 'motion to reconsider' a final order or judgment within 28 days of its entry, the motion is to be construed as a motion to alter or amend judgment pursuant to Rule 59(e)." Townsend, 2024 WL 3532925, at *2 (citing Inge v. Rock Financial Corp., 281 F.3d 613, 617 (6th Cir. 2002)). "A motion for reconsideration, filed outside the time permitted under Fed. R. Civ. P. 59(e), is properly construed as a motion for relief from judgment [or a final order], pursuant to Fed. R. Civ. P. 60(b)." Donaldson,

109 F. App'x at 17; Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 268 (6th Cir. 1998).

Rule 60(b) provides for relief from a final judgment or order for up to a year after it was entered, depending on the grounds cited. See Fed. R. Civ. P. 60(c)(1). Because relief under Rule 60(b) "implicate[s] finality concerns[,]" such relief is considered "extraordinary" and "can be granted only upon a showing of exceptional circumstances." Park West Galleries, Inc. v. Hochman, 692 F.3d 539, 545 (6th Cir. 2012); Mullins v. Astrue, No. 3:10-cv-404, 2012 WL 1537626, at *2 (S.D. Ohio Apr. 30, 2012) (citing McAlpin v. Lexington 76 Auto Truck Stop, Inc., 229 F.3d 491, 502-03 (6th Cir. 2000); see also Tyler v. Anderson, 749 F.3d 499, 509 (6th Cir. 2014) ("[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation.") (citing Thompson v. Bell, 580 F.3d 423, 442 (6th Cir. 2009)).

To show exceptional circumstances warranting relief from a final judgment or order, a party must establish that the facts of her case are within one of the six narrow grounds for relief listed in Rule 60(b)(1)-(6):

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); see Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004) (citing Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993)).

"Rule 60(b) is not intended to allow relief from judgment [or an order] merely because a [party] is unhappy with the outcome." Settle v. Bell, No. 06-1092-JDT-egb, 2017 WL 105836, at *2 (W.D. Tenn. Mar. 20, 2017) (citing Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001)); see Koe v. Univ. Hosps. Health Sys., Inc., No. 22-01455, 2023 WL 10352931, at *1 (N.D. Ohio Oct. 18, 2023) ("The factual predicate of a Rule 60(b) motion . . . [typically] concerns some irregularity or procedural defect in the procurement of the judgment" or order from which relief is sought.) (citation omitted).

A Rule 60(b) motion is not a substitute for an appeal. GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 373 (6th Cir. 2007) (citing Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989)); Jinks, 250 F.3d at 386. A party may not use a Rule 60(b) motion simply "to renew arguments already considered and rejected by a court." McConocha v. Blue Cross & Blue Shield Mut. of Ohio, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).

A Rule 60(b) motion is also "not a vehicle to give the losing litigant a second bite at the apple." Kline v. Mortg. Elec. Registration Sys., Inc., 704 F. App'x 451, 466 (6th Cir. 2017) (citing Tyler v. Anderson, 749 F.3d 499, 509 (6th Cir. 2014)). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Tyler, 749 F.3d at 509 (citation omitted).

**III. Analysis**

Plaintiff does not specify whether her February 12, 2026 "motion to reconsider" the Court's October 14, 2025 order relies on Rule 59(e) or Rule 60(b). However, because Plaintiff's "motion to reconsider" was filed outside the time for filing a Rule 59(e) motion, it "cannot be considered a motion to alter or amend" under Rule 59(e). United States v. One Tract of Real Property, 104 F. App'x 467, 468 (6th Cir. 2004). The Motion must be construed as a motion for relief from the order under Rule 60(b). See Donaldson, 109 F. App'x at 17; Feathers, 141 F.3d at 268.

Because Plaintiff "did not style [her] motion [as] one for 60(b) relief, the Court must determine which, if any, of the enumerated grounds for 60(b) relief may apply here." Harvey v. United States, No. 1:11-CR-24-TBR, 2017 WL 89492, at *3 (W.D.

Ky. Jan. 9, 2017). In her Motion, Plaintiff argues that reconsideration of the Court's order is warranted based on several developments since the Court denied her motion to appoint a receiver: Defendant/Judgment Debtor and Henry Reaves' failure to cooperate with post-judgment depositions, Plaintiff's limited success in collecting on the judgment through writs of execution on Defendant/Judgment Debtor's bank accounts, and Henry Reaves' unrealized representations that he will file for bankruptcy. Only two of the six enumerated grounds for relief under Rule 60(b) are plausibly relevant to Plaintiff's claim: (1) 60(b)(2) "newly discovered evidence" and (2) 60(b)(6) "other reason that justifies relief."

**A. Rule 60(b)(2) "Newly Discovered Evidence"**

To prevail on a motion under Rule 60(b)(2) based on "newly discovered evidence that, with reasonable diligence, could not have been [previously] discovered," a movant "must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material . . . and clearly would have produced a different result if presented before the original judgment [or order]." HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 615 (6th Cir. 2012) (quoting Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998)). "As a threshold matter, . . . 'newly discovered evidence for motions under . . . Rule 60(b)(2) must pertain to evidence which

existed at the time of [the order or judgment].'" Satyam Comput. Servs., Ltd. v. Venture Global Eng'g, LLC, 323 F. App'x 421, 427-28 (6th Cir. 2009) (quoting Davis v. Jellico Cmty. Hosp., Inc., 912 F.2d 129, 136 (6th Cir. 1990)).

Here, Plaintiff presents "new evidence" of Defendant/Judgment Debtor and Henry Reaves' failure to cooperate with post-judgment discovery and Plaintiff's unsuccessful efforts to collect on the judgment. Plaintiff argues that this "new evidence" of developments since the Court denied Plaintiff's motion to appoint a receiver would result in a different ruling on Plaintiff's initial motion if the Court reconsiders its order denying the motion.

However, because the "new evidence" Plaintiff offers in support of her Motion "came into existence after [the order] was entered," it "does not qualify as 'newly discovered evidence' under Rule 60(b)(2)." McFall v. Patton, No. 99-5709, 2000 WL 1721043, at *2 (6th Cir. Nov. 8, 2000) (unpublished table decision); Nat'l Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc., Nos. 05-2479, 06-2438, 2007 WL 2733336, at * 8 (6th Cir. Sept.19, 2007) ("Evidence falls within the rule as long as it pertain[s] to facts in existence at the time of the [judgment or order], and not to facts that have occurred subsequently.") (citation omitted).

Thus, Plaintiff's claim for relief under Rule 60(b)(2) fails as a matter of law. See Harvey v. Evans, No. 3:04-CV-192, 2011 WL 2580785, at *2 (E.D. Tenn. June 29, 2011) (finding plaintiff's 60(b)(2) motion to reconsider failed as a matter of law because it was based on evidence that came into existence after the judgment); Satyam, 323 F. App'x at 428 (same); Gong v. Cleveland Clinic Found., Inc., No. 1:16CV2624, 2018 WL 807046, at *2 (N.D. Ohio Feb. 9, 2018) (same).

**B. Rule 60(b)(6) "Any Other Reason that Justifies Relief"**

"When none of the first five enumerated conditions apply, relief may be available [under (b)(6)]." Gilden v. Twehues, No. 07-CV-24-DLB, 2007 WL 1520926, at *2 (E.D. Ky. May 23, 2007) (citing Cincinnati Ins. Co. v. Byers, 151 F.3d 574, 578 (6th Cir.1998)); see, e.g, Davis, 912 F.2d at 136 (analyzing evidence of new developments under (b)(6)); Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc., 358 F. App'x 643, 653 (6th Cir. 2009) (same). The principle that "[r]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation' . . . is especially true in an application of subsection (6) of Rule 60(b)[.]" McGuire v. Warden, Chillicothe Corr. Inst., 738 F.3d 741, 750 (6th Cir. 2013) (quoting Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007))."Relief [under Rule 60(b)(6)] is limited to 'unusual and extreme situations where

principles of equity *mandate* relief.'" Id. (quoting Ford Motor Co., 487 at 468) (emphasis in original); Stokes v. Williams, 475 F.3d 732, 735 (6th Cir. 2007) ("Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice . . . [in] unusual and extreme situations . . . .") (citation omitted).

Plaintiff has not argued or demonstrated that there are "genuinely 'unusual and extreme' circumstances" meriting relief under 60(b). See Billops v Target Corp., No. 4:12-CV-15395-TGB-MKM, 2022 WL 16950260, at *6 (E.D. Mich. Nov. 15, 2022) (citation omitted). Although problematic, a judgment debtor's failure to cooperate with post-judgment discovery and payment of a judgment is not the sort of "unusual and extreme" situation contemplated by Rule 60(b)(6). See, e.g., Billops, 2022 WL 16950260, at * 6 (intervening changes in law compelling a different outcome in a case are "common" and rarely grounds for relief under 60(b)(6) without more). That the Federal Rules anticipate such difficulties and provide procedural tools of escalating force to compel cooperation[1] demonstrates that

[1] For example, where a judgment debtor fails to cooperate voluntarily with a judgment creditor's discovery requests, the Federal Rules allow the judgment creditor to move for an order compelling compliance. See Fed. R. Civ. P. 37(a). If a judgment debtor fails to comply with a Rule 37(a) order compelling cooperation, Rule 37(b) permits the judgment creditor to seek coercive sanctions up to and including holding the judgment creditor in contempt of court. See Fed. R. Civ. P. 37(b). Here, Plaintiff has begun to avail herself of these remedies. (ECF Nos. 93, 109.) Similarly, remedies of

failure to cooperate is not rare or extraordinary. Moreover, because those alternative remedies exist, Plaintiff cannot show that "absent relief [under Rule 60(b)], extreme and undue hardship will result." Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assocs., Inc., No. 98-5041, 1999 WL 98590, at *3 (6th Cir. Jan. 26, 1999) (table case).

Relief under Rule 60(b) is "the exception, not the rule[,]" and the party seeking relief bears a heavy burden of establishing entitlement to relief by clear and convincing evidence. Vargo v. D & M Tours, Inc., No. 4:18CV01297, 2020 WL 999793, at *3 (N.D. Ohio Mar. 2, 2020); Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008). Plaintiff has not met that burden. Plaintiff has not demonstrated entitlement to relief under any of the applicable 60(b)(2) subsections.[2]

escalating force exist under state law for obtaining compliance with writs of execution. See Smith v. Smith, 165 S.W.3d 285 (Tenn. Ct. App. 2004).

[2] The Court notes that, "[r]ather than seeking reconsideration of the Court's previous Order, it would have been proper for [Plaintiff] simply to file a renewed motion . . . arguing the correct law and making the necessary showing under" Rule 66. 1704 Farmington, LLC v. City of Memphis, No. 08-2171-STA, 2009 WL 2065337, at *2 (W.D. Tenn. July 10, 2009). Because the Court denied Plaintiff's initial motion to appoint a receiver without prejudice, Plaintiff is free to file a renewed motion arguing that new developments warrant the appointment of a receiver. The Court declines to construe the Motion as a renewed motion to appoint a receiver.

## IV. Conclusion

Plaintiff's Motion for reconsideration is DENIED.

SO ORDERED this *30th* day of August, 2026.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE