**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ANDREA JAYE MOSBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:23-cv-02099-SHM-tmp** |
| | ) | |
| **REAVES LAW FIRM PLLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER TO APPEAR FOR DEPOSITION AND PRODUCE DOCUMENTS**

Before the court are Plaintiff Andrea Jaye Mosby's Motion for Contempt, Sanctions, and Further Relief and Motion to Set Show Cause Hearing and Supplement. (ECF Nos. 109, 113.) This order only addresses the issue of compelling discovery. The court has taken under advisement the issues of contempt and sanctions, which will be addressed in a separate report and recommendation.

On August 21, 2025, following a jury trial, District Judge Samuel H. Mays entered judgment in favor of Mosby for $3,631,095.92. (ECF No. 78.) Mosby initiated post-judgment discovery, serving notice of depositions upon Henry Reaves (individually and as CEO of Reaves Law Firm) weeks in advance. (ECF No. 95 at PageID 1502.) Reaves never appeared. (Id.)

On December 8, 2025, Mosby moved for sanctions and to compel Defendant and Henry Reaves to appear for depositions. (ECF No. 95.) On April 16, 2026, Judge Mays granted Mosby's Motion, writing:

> Defendant/Judgment Debtor Law Firm and Henry Reaves are ORDERED to appear for depositions between April 20, 2026, and May 11, 2026. If the parties are unable to agree on a date within that window, Defendant Law Firm and Henry Reaves are ORDERED to appear for depositions on May 13, 2026, at 9:00 a.m., at a location designated by Plaintiff's counsel. Defendant Law Firm and Henry Reaves are ORDERED to produce legible copies of all documents previously requested. . . . Defendant is cautioned that failure to comply with the terms of this Order may result in the imposition of additional sanctions, including but not limited to, civil contempt. Fed. R. Civ. P. 37(b)(2),(d)(3).

(ECF No. 105.) According to Mosby, Henry Reaves and Reaves Law Firm again failed to appear for depositions as ordered by this Court. (ECF No. 109 at PageID 1654.) As such, Mosby again sought to compel depositions and the production of documents, moving for civil contempt. (ECF No. 109.) Mosby further requested a hearing on the matter. (ECF No. 113.) On October 30, 2026, Judge Mays referred the Motion for Contempt, Sanctions, and Further Relief and Motion to Set Show Cause Hearing to the undersigned. (ECF No. 116.)

On November 19, 2026, the undersigned held that hearing. (ECF No. 118.) At the hearing, Henry Reaves opposed Mosby's Motion and moved for a continuance of 60 days to seek counsel.

Mosby opposed Henry Reaves's request for a continuance. However, both parties agreed to set a deposition date for January 27, 2027, at 9:30 AM Central time at the Offices of Donati Law, PLLC (1545 Union Avenue, Memphis, TN 38104).

"Rule 37(b) of the Federal Rule of Civil Procedure authorizes this Court to issue orders 'as are just' when a party fails to obey an order to provide discovery." Vawter v. Blohm, No. 17-11789, 2019 WL 11316663, at *2 (E.D. Mich. Aug. 12, 2019). "The rules governing discovery in postjudgment execution proceedings are quite permissive." Republic of Arg. v. NML Capital, Ltd., 573 U.S. 134, 138 (2014). "Federal Rule of Civil Procedure 69(a)(2) states that, '[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in the rules or by the procedure of the state where the court is located.'" Id. at 139 (quoting Fed. R. Civ. P. 69(a)(2)). "The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" Id. "Indeed, post-judgment discovery plays a crucial role in the execution of a judgment by allowing a judgment creditor 'to obtain information ... about assets on which execution can issue or about assets that have been fraudulently transferred.'" GPH Louisville Hillcreek LCC v.

Redwood Holdings, LLC, No. 1:24mc00033, 2026 WL 1465441, at *9 (N.D. Ohio May 26, 2026) (quoting Iron Workers Dist. Counsel of S. Ohio & Vicinity Ben. Trust v. Matheny & Sons Gen. Contracting, LLC, No. 3:21-cv-00081, 2023 WL 3570605, at *2 (S.D. Ohio May 19, 2023)). "While judgment creditors typically cannot compel nonparties to disclose their assets, [i]nquiry into the assets of third persons is permissible where the relationship between [the judgment debtor and third person(s)] is sufficient to raise a reasonable doubt about the bona fides of any transfer of assets between them." Id. (quoting FTC v. Trudeau, No. 5:12MC35, 2012 WL 5463829, at *4 (N.D. Ohio Nov. 8, 2012)).

Accordingly, consistent with Judge Mays's April 16 Order, the undersigned orders Reaves Law Firm and Henry Reaves (individually) to appear for deposition January 27, 2027, at 9:30 AM Central time at the Offices of Donati Law, PLLC (1545 Union Avenue, Memphis, TN 38104). Reaves Law Firm and Henry Reaves are ORDERED to produce legible copies of all documents previously requested by no later than January 20, 2027. (See ECF No. 105.) These documents shall include:

a. Federal and state tax returns for the last three years;

b. Bank account statements for all personal and business accounts for the last three years;

c. Documents identifying all assets, transfers, accounts receivable, and ownership interests;

d. Financial statements, balance sheets, and profit-and-loss statements for the last three years;

e. Documents relating to any transfers of assets exceeding $5,000.00 since entry of Judgment; and

f. Any bankruptcy petitions, drafts, consultations, or related communications concerning contemplated bankruptcy filings, unless said documents are protected by attorney-client privilege.

(ECF No. 109.)

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 23, 2026
Date